UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____<br>) |
| v. | )<br>) |
| R2 CAPITAL GROUP LLC, RAST INVESTOR GROUP, LLC, MADIGAN ENTERPRISES, INC., BULLETPROOF VEST, INC., RYAN TOMAZIN, RYAN MADIGAN and RANDELL A. VEST, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### EX PARTE APPLICATION TO SEAL DOCKET AND FILE

Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") respectfully requests that the Court temporarily seal, under access level 2, the entire file in this case for 72 hours to allow the defendants and financial institutions to be served with the Court's order freezing the defendants' assets. As explained in the Memorandum of Law in Support of *Ex Parte* Motion for Statutory Restraining Order Pursuant to 7 U.S.C. § 13a-1 and For Order to Show Cause Why a Preliminary Injunction Should Not Be Entered ("Motion"), defendants committed fraud in violation of Sections 4b(a)(1)(A)-(C) and 4b(a)(2)(A)-(C) of the Commodity Exchange Act (the "Act" or "CEA"), 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6b(a)(2)(A)-(C) (2012), by fraudulently soliciting customers to enter into margined or leveraged foreign currency transactions and futures contracts, misappropriation, and issuing false account statements to customers. Defendants also violated other provisions of the Act.

To halt the defendants' violations, the Commission has filed a Complaint for Injunctive

and Other Equitable Relief and for Civil Penalties Under the Commodity Exchange Act (the "Complaint"). To preserve assets, the Commission has also filed an *Ex Parte* motion for a Statutory Restraining Order that would freeze assets, among other things. Because premature public knowledge of this proceeding could substantially frustrate the purposes of the relief being sought, as well as ongoing criminal investigations, the Commission seeks an order sealing the docket and file at access level 2.

A Seal Is Necessary to Protect Assets and Evidence<br>and to Preserve this Court's Ability to Grant Effective Relief

The Court may, in its discretion, seal documents if its decision is necessitated by a compelling government interest and the seal is narrowly tailored to that interest. *See United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) (citing *Press Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (*Press Enterprise I*) (presumption of public access may be overcome when "closure is essential to preserve higher values and is narrowly tailored to serve that interest")); accord, *Press Enterprise Co. v. Superior Court*, 478 U.S. 1, 9-10 (1986) (*Press Enterprise II*) (same). *See also*, *United States v. McVeigh*, 119 F.3d 806, 811-814 (10th Cir. 1997) (applying, without deciding, *Press Enterprise II* test). Courts have held that "the integrity of significant [government] activities entitled to confidentiality, such as ongoing undercover investigations or detection devices," are compelling interests justifying a request for a motion to seal. *See United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (quoting *In re Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984)). The specific needs of this case amply demonstrate that the seal sought is both necessitated by compelling government interests and narrowly tailored to meet those interests.

The Commission desires to preserve assets needed to provide restitution to customers, and to prevent the destruction of books, records, and other important evidence. The Commission

is concerned that if the defendants, or anyone who can alert them, learn about the Commission's action prior to service of the proposed Statutory Restraining Order, customer funds will be dissipated and/or relevant documents destroyed.  The defendants have withdrawn significant sums of pool participant funds for their benefit, and could easily transfer most, if not all, of any current balances should they have advance knowledge of this action. The Commission is also concerned that similar notice will result in the destruction or removal of important evidence.

In addition to serving compelling interests, the Commission's request is narrowly tailored.  The Commission asks only that the record remain sealed for 72 hours, or until defendants receive notice of this action, whichever is earlier.

## Conclusion

Out of its desire to preserve assets, evidence, and the integrity of an ongoing criminal investigation, the Commission has not given the defendants notice of this action.  The Commission asks that the Court continue this protection by sealing the record.  The Commission requests that the pleadings, motions, memoranda, exhibits, proposed orders, and Orders in this action be sealed to enable agents of the Commission to serve the defendants with the Complaint, the *Ex Parte* Statutory Restraining Order and accompanying materials without advance notice, and to serve financial institutions holding the defendants' assets.

Respectfully submitted,

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION

BY: */s Luke Marsh*
LUKE B. MARSH, DC Bar No. 475635
Chief Trial Attorney
SOPHIA SIDDIQUI, PA Bar No. 206754
Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
Tel: (202) 418-5322 (Marsh)
Tel: (202) 418-6774 (Siddiqui)
Facsimile: (202) 418-5124
lmarsh@cftc.gov
ssiddiqui@cftc.gov
Counsel for Plaintiff
U.S. Commodity Futures Trading Commission

Dated: August 6, 2014

4