IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 14-CV-02182-MSK

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

v.

R2 CAPITAL GROUP, LLC, RAST
INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDELL A. VEST,

        Defendants.

---

### [PROPOSED] CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF

---

Plaintiff, the U.S. Commodity Futures Trading Commission ("Commission" of "CFTC"),

has filed a Complaint for Permanent Injunction and Other Relief and moved, pursuant to Section

6c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a) (2012), against

defendants, R2 CAPITAL GROUP, LLC, RAST INVESTOR GROUP, LLC, MADIGAN

ENTERPRISES, INC., BULLETPROOF VEST, INC., RYAN TOMAZIN,

RYAN MADIGAN, and RANDELL A. VEST, (collectively, "Defendants").  In anticipation of

the Commission's Motion for a Preliminary Injunction, Defendants, without admitting or

denying the allegations in the Complaint, consent to the entry of this Order of Preliminary

Injunction ("Order") and state that this consent is voluntary and that no promise or threat has been made by the Commission or any member, officer, agent or representative of the Commission to induce him to consent to this Order.  Plaintiff and Defendants have consented to the entry of this Consent Order of Preliminary Injunction and for Other Equitable Relief Against Defendants without an adjudication of the merits of any issue of fact or law, without waiving any privilege under the Fifth Amendment to the United States Constitution, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over Defendants, which venue and jurisdiction Defendants admit.

On August 7, 2014, upon the Commission's *Motion for an Ex Parte Statutory Restraining Order and for an Order to Show Cause*, the Court (1) entered a statutory restraining order ("SRO"), without bond, that (a) froze the assets of Defendants R2 CAPITAL GROUP, LLC, RAST INVESTOR GROUP, LLC, MADIGAN ENTERPRISES, INC., and BULLETPROOF VEST, INC., (b) prohibited all Defendants from destroying documents; and (2) set a "a non-evidentiary hearing on Thursday, August [14], 2014 at 4:00 p.m. to address: (i) whether this *ex parte* Order should be continued, modified, or vacated, in whole or in part, with regard to any or all of the named Defendants; and (ii) whether an evidentiary hearing is necessary on the CFTC's request for continuing provisional injunctive relief against all Defendants, and, if so, to schedule such a hearing." (D.E. #12)

Defendants, without admitting or denying the allegations of the Complaint, consent to the entry of this Order of Preliminary Injunction and Other Equitable Relief ("Order").  For the purposes of this Order, Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

As it appears to the Court that there is good cause to believe that Defendants have engaged, are engaging in, or are about to engage in violations of the Act, and the Commission Regulations, and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court finds as follows:

**I.**

*Jurisdiction and Venue*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED that:**

1.     The Court has jurisdiction over Defendants and the subject matter of this case pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

## II.

### *Prohibition From Violations of the Act and Other Relief*

### THE PARTIES AGREE AND IT IS FURTHER ORDERED that:

3.      Defendants, all persons insofar as they are acting in the capacity of agents,

servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as

they are acting in active concert or participation with Defendants who receive actual notice of

this Order by personal service or otherwise, shall be prohibited and restrained from directly or

indirectly:

A.      (1) making misrepresentations or omissions in connection with the trading of

commodity futures, foreign exchange ("forex") or operation of a commodity pool; (2) issuing

false reports or statements to current or prospective commodity pool customers or commodity

customers; (3) misappropriating commodity pool participants' monies; (4) employing any

device, scheme or artifice to defraud any current or prospective commodity pool customers; (5)

commingling pool funds; or (6) otherwise violating Sections 4b(a)(1)(A)-(C), 4b(a)(2)(A)-(C) and

4o(1)(A) & (B) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C) (2012), 6b(a)(2)(A)-(C) and 6o(1)(A) & (B),

and Commission Regulation 4.20(c), 17 C.F.R. § 4.20(c) (2013);

B.      Using the mails or any means or instrumentality of interstate commerce, directly

or indirectly, to engage in any transaction, practice, or course of business which operates as a

fraud or a deceit upon any actual or prospective pool participant, in violation of Section 4o(1)(B)

of the Act, 7 U.S.C. § 6o(1)(B) (2012);

C.      Engaging in any activity related to trading in any commodity interest, as that term

is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), or forex, including but not limited to, the

following:

(i)  trading on or subject to the rules of any registered entity (as that term is defined in Section la of the Act, 7 U.S.C. § la (2012));

(ii)  entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Commission Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2013) ("commodity options")), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, as amended and as will be further defined by Commission Regulation 1.3(xxx), 17 C.F.R. §1.3(xxx)), and/or forex (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)) ("forex contracts"), for their own personal accounts or for any account in which they have a direct or indirect interest;

(iii) possessing any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on their behalf;

(iv) controlling or directing the trading for, or on behalf of, any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

(v) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

(vi) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission

Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013);

(vii) acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2013)), agent, officer, or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013).

### III.

*Continued Force and Effect, and Modification, of Statutory Restraining Order*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED that:**

4.     The Statutory Restraining Order entered by the Court on August 7, 2014, in this action (the "SRO")(D.E. #12) shall continue in full force and effect against Defendants  until further order of the Court, subject only to the following modifications:

    a.   The provisions of paragraph 5 of the SRO will apply to all defendants, such that all defendants are enjoined "from directly or indirectly transferring, selling, pledging, or otherwise alienating any tangible or intangible assets owned or controlled, directly or constructively, by those entities, or any such assets that shall come into these Defendants' possession."

    b.   Notwithstanding the provisions of paragraph 4.a., above, Defendants RYAN TOMAZIN and RANDELL A. VEST shall each be permitted to open and maintain one new, personal checking account for the sole purpose of depositing and accessing funds received from income earned in the future from employment unrelated to the enjoined conduct described in this Order.  Defendants TOMAZIN and VEST shall identify the new

accounts to the Commission immediately after opening the accounts and shall provide the Commission with all future account statements issued for each account within seven (7) days of the issuance of the account statement.

c. Notwithstanding the provisions of paragraph 4.a., above, Defendant RYAN MADIGAN shall be permitted to continue to maintain the following two Wells Fargo personal checking accounts for the sole purpose of depositing and accessing funds received from income earned in the future from employment unrelated to the enjoined conduct described in this Order:  Well Fargo Checking account in the name of Ryan Madigan with last four digits of account number ending in 6952 and Wells Fargo Checking account in the name of Ryan and Dina Madigan with last four digits of account number ending in 7083.  Defendant MADIGAN shall provide the Commission with all future account statements issued for each account within seven (7) days of the issuance of the account statement for as long as Defendant MADIGAN's name is on such account.

## IV.

### *Service of Order*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED that:**

5.      Copies of this Order may be served by any means, including email and facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order.

## V.

### *Bond Not Required of Plaintiff*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED that:**

6.      The Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

## VI.

### *Force and Effect*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED that:**

7.      This Order shall remain in full force and effect until further order of this Court and this Court retains jurisdiction of this matter for all purposes.

## VII.

### *Miscellaneous*

8.      Defendant RYAN TOMAZIN warrants that he is a principal and controlling person of defendants R2 CAPITAL GROUP, LLC and RAST INVESTOR GROUP, LLC, and has the authority to sign and consent to this Order on behalf of defendants R2 CAPITAL

GROUP, LLC and RAST INVESTOR GROUP, LLC.; Defendant RYAN MADIGAN warrants that he is a principal and controlling person of defendants R2 CAPITAL GROUP, LLC and MADIGAN ENTERPRISES, INC., and has the authority to sign and consent to this Order on behalf of defendants R2 CAPITAL GROUP, LLC and MADIGAN ENTERPRISES, INC.; Defendant RANDELL A. VEST warrants that he is a principal and controlling person of defendants R2 CAPITAL GROUP, LLC and BULLETPROOF VEST, INC., and has the authority to sign and consent to this Order on behalf of defendants R2 CAPITAL GROUP, LLC and BULLETPROOF VEST, INC.

9.    Consent to this Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile, email or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Agreement that is delivered by facsimile or electronic mail shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

6/13/2014                                              002.jpg

**IT SO ORDERED**, at Denver, Colorado on this _____ day of

_____, 2014, at _____.m.

_____
Marcia S. Krieger
Chief United States District Judge

Consented to and
approved for entry by:

Dated: 8/13/2014

_____
R2 CAPITAL GROUP, LLC
By Ryan Tomazin

Dated: 8/13/2014

_____
RASTIN INVESTOR GROUP, LLC
By Ryan Tomazin

Dated: 8/13/14

_____
MADIGAN ENTERPRISES, INC.
by Ryan Madigan

Dated: 8/13/14

_____
BULLETPROOF VEST, INC.
By Randell Vest

Dated: 8/15/2014

_____
RYAN TOMAZIN

Dated: 8/13/14

_____
RYAN MADIGAN

Dated: 8/13/14

_____
RANDELL A. VEST

Dated: 8/13/14

_____
Luke Marsh
Chief Trial Attorney, Plaintiff U.S. Commodity
Futures Trading Commission

10

Approved as to form:

_____   Dated: 8/13/14
Jeffrey Barclay
Counsel for all Defendants