**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:14-cv-02182-MSK-KLM

UNITED STATES COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

    *vs.*

R2 CAPITAL GROUP LLC, RAST
INVESTOR GROUP, LLC, MADIGAN
ENTERPRISES, INC, BULLETPROOF
VEST, INC., RYAN TOMAZIN, RYAN
MADIGAN and RANDELL A. VEST,

    Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)**

Defendants R2 Capital Group LLC, Rast Investor Group, LLC, Madigan Enterprises, Inc., Bulletproof Vest, Inc., Ryan Tomazin, Ryan Madigan, and Randell A. Vest (collectively, "Defendants"), by and through their undersigned counsel, and in support of their Motion To Dismiss, state as follows.

## I. INTRODUCTION

On August 6, 2014, the United States Commodity Futures Trading Commission ("CFTC") filed its Complaint against Defendants alleging violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1, *et seq.*, and related regulations. Doc. 1, at ¶ 5. Defendants are comprised of three business entities and three individuals who allegedly operated a commodity pool from December 2009 through the present to trade foreign exchange ("forex") and other futures contracts. Doc. 1, at ¶ 1. The CFTC asserts that Defendants acted fraudulently in the operation of the commodity pool and identifies three general categories of actionable conduct: fraudulently soliciting pool participants and investments, fraudulently reporting to the pool participants the performance of the commodity pool, and misappropriating the commodity pool's funds for personal use. Doc. 1, at ¶¶ 2-4.

These allegations, however, fail to meet Rule 9(b)'s heightened standard for pleading fraud with particularity because the Complaint lacks sufficient factual detail. Specifically, the CFTC impermissibly relies upon group pleading and fails to identify the purported fraudulent conduct of each individual Defendant. Also, the CFTC insufficiently alleges categories of fraud without requisite factual detail. Furthermore, the CFTC suggests in other filings that it is aware of alleged facts that should be asserted in the Complaint pursuant to Rule 9(b). As a result, the Complaint should be dismissed.

## II. ARGUMENT AND AUTHORITIES

The CFTC's Complaint should be dismissed because it fails to plead fraud with particularity. Rule 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A motion to dismiss pursuant to Rule 9(b) is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations *within the four corners of the complaint* after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (emphasis added). *See also Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (explaining that it is the court's function "to assess whether the plaintiff's *complaint alone* is legally sufficient to state a claim for which relief may be granted" (emphasis added)).

Dismissal is proper if the content within the complaint fails to meet Rule 9(b)'s more stringent standards. *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th Cir. 2013); *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1137 (D. Colo. 2013). *See also Sec. Serv. Fed. Credit Union v. First Am. Mortgage Funding, LLC*, No. CIVA08CV00955WYDCBS, 2010 WL 1268082, at *2 (D. Colo. Mar. 30, 2010) (dismissing a complaint because the allegations were "simply too vague and lacking in factual allegations particularized as to each Defendant to satisfy Rule 9(b)").

Courts are to "'rigorously enforce'" Rule 9(b) because it serves "'salutary purposes.'" *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990)). First, it "protects defendants' reputations from the harm attendant to accusations of fraud or dishonest conduct." *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1040 (D. Colo. 2012). Second, it "puts defendants on notice of the allegedly fraudulent conduct so that they can formulate a defense." *Id.* Third, it "prevent[s] plaintiffs from tagging on specious fraud claims to their pleadings in an attempt 'to induce advantageous settlements or for other ulterior purposes.'" *Id.* (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir.1992)).

Section 4b of the CEA, 7 U.S.C. § 6b, is a fraud provision. *Hill v. Bache Halsey Stuart Shields Inc.*, 790 F.2d 817, 823 (10th Cir. 1986). Thus, the CFTC was required to plead fraud with particularity in order to sufficiently state a claim against Defendants. It failed to do so, however, because the Complaint lacks sufficient factual detail in that it impermissibly relies upon group pleading and insufficiently alleges categories of fraud without requisite factual detail. Furthermore, the CFTC must satisfy Rule 9(b)'s heightened pleading standard because the CFTC suggests in other filings that it is aware of alleged facts that should be asserted pursuant to Rule 9(b). As a result, dismissal is proper.

    **A.    The CFTC Fails To Meet Rule 9(b)'s Heightened Standard For Pleading Fraud With Particularity Because The Complaint Lacks Sufficient Factual Detail.**

To survive dismissal under the Rule 9(b) heightened pleading standard, a complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof." *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). *See also Tatten*, 912 F. Supp. 2d at 1040 (stating that " '[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud' " (quoting *U.S. ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902 (10th Cir. 2000)). Here, the CFTC relies on impermissible group pleading and omits requisite factual support from the Complaint.

    *1.    The CFTC Impermissibly Relies Upon Group Pleading Because it Fails to Identify the Purported Fraudulent Conduct of Each Individual Defendant.*

The CFTC's Complaint is insufficient because it fails to specifically articulate the supposed participation of the individual Defendants in the alleged fraud. For instance, a complaint for fraud must "set forth . . . which statements were allegedly made by whom."

*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997).[1] Allegations of fraud fail, however, where "the plaintiff indulges the unacceptable short hand of group pleading." *Seni ex rel. Ciber, Inc. v. Peterschmidt*, No. 12-CV-00320-REB-CBS, 2013 WL 1191265, at *2 (D. Colo. Mar. 22, 2013). *See also Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (affirming dismissal because "the complaint lumps all the defendants together and does not specify who was involved in what activity"); *Grossman v. Citrus Associates of New York Cotton Exch., Inc.*, 706 F. Supp. 221, 232 (S.D.N.Y. 1989) (disapproving " 'kitchen sink' portions of the pleading where everyone is alleged to have done everything in violation of the" CEA).

Group pleading is inadequate because it assumes that the knowledge, motivations, or actions of one defendant were the same for all. *Seni*, 2013 WL 1191265 at *3. *See also U.S. Commodity Futures Trading Comm'n v. M25 Investments Inc.*, 3:09-CV-1831-M, 2010 WL 769367, at *3 (N.D. Tex. Mar. 6, 2010) (cautioning that "[t]his type of group pleading would impermissibly allow a plaintiff to plead the first element of a fraud

---

[1] *Schwartz* identifies "group-published documents such as annual reports" as an exception to the general rule that statements be attributed to specific defendants. *Schwartz*, 124 F.3d at 1254. Any reliance on *Schwartz* here would be misplaced because the Complaint does not allege that fraudulent statements were the product of collective action, but rather suggests Defendants acted "personally" by soliciting or misleading pool participants individually, albeit without identifying the alleged soliciting Defendant or solicited participant. Doc. 1, at ¶¶ 24, 29-30. *See Sec. Serv. Fed. Credit Union*, 2010 WL 1268082 at *2 (stating that reliance on *Schwartz* is misplaced where the fraudulent statements were not the product of collective action but instead arose from applications "which were separate and distinct for each Defendant").

6

claim—making a misstatement or omission—without connecting a particular individual defendant to the fraud").

In *M25 Investments Inc.*, the CFTC improperly utilized group pleading in an attempt to "connect the who and the what" between two defendant entities and three individual defendants. *M25 Investments Inc.*, 2010 WL 769367 at **1, 3. For example, the CFTC alleged that the "*defendants*" solicited customers by guaranteeing a percentage of interest and claiming to be successful forex traders, the "*defendants*" failed to make disclosures, and the "*defendants*" concealed losses by sending false statements to customers. *Id*. (emphasis added). The allegations left to speculation as to each defendant's role in the conduct at issue. *Id. Compare with U.S. Commodity Futures Trading Comm'n v. Bradley*, 408 F. Supp. 2d 1214, 1222-23 (N.D. Okla. 2005) (finding that the CFTC's allegations were sufficient because the complaint "clearly sets forth" which specific defendant performed the acts at issue).

The CFTC here likewise fails to identify in its Complaint any individual Defendant when alleging fraudulent conduct. Instead, the CFTC groups all Defendants together leaving the individual participation and role of each to speculation. *See* Doc. 1, at ¶ 24 ("[D]efendants solicited or caused to be solicited approximately $2.4 million from at least four (4) pool participants . . . ."); at ¶ 25 ("Defendants induced . . . defendants misappropriated . . . defendants comingled . . . defendants purportedly loaned funds . . . ."); at ¶ 26 ("defendants used pool participant funds to trade forex"); at ¶ 27

7

("Defendants falsely and fraudulently concealed . . ."); at ¶ 29 ("defendants both orally and in writing falsely represented . . ."); at ¶ 30 ("defendants also periodically issued narrative written reports . . ."); at ¶ 34 ("Defendants routinely diverted and misappropriated . . . Defendants then spent these misappropriated funds . . ."); at ¶ 35 ("defendants repeatedly concealed their misappropriation . . . defendants falsely and fraudulently represented . . . defendants falsely asserted"); at ¶ 40 ("defendants misappropriated"); at ¶ 43 ("defendants cheated or defrauded . . ."); at ¶ 51 ("defendants cheated or defrauded . . ."). In each of the allegations of fraud, it is unclear as to whether the conduct of any particular Defendant is at issue.

It is evident that the CFTC impermissibly relies upon group pleading in attempting to establish its core allegations of fraud. Instead of specifically connecting any particular fraudulent conduct to a specific individual Defendant, the CFTC lumps everyone together so that the asserted conduct of one Defendant is presumed to be attributable to all Defendants. This is inadequate. As a result, dismissal is proper.

### 2. *The CFTC Insufficiently Alleges Categories of Fraud Without Requisite Factual Detail.*

The CFTC's Complaint is further deficient because it fails to specifically set forth the time, place, and contents of the alleged fraud. A complaint under Rule 9(b) must "identify which statements contained in which documents or made by which persons were fraudulent and the reasons for those beliefs." *Tatten*, 912 F. Supp. 2d at 1041. It cannot rely upon assertions of "a few general categories of actions" over a broad period

8

of time. *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1077 (D. Colo. 2012). *See also Farlow*, 956 F.2d at 989-90 (affirming dismissal under Rule 9(b) because allegations that defendants mailed "on many occasions . . . false and misleading offering memoranda, financial statements, and investor newsletters" during a six year period were unspecific); *Tatten*, 912 F. Supp. 2d at 1041 (stating that allegations are insufficiently "conclusory, not factual" when the complaint fails to identify when the supposed fraudulent statements "were made, or under what circumstances").

In *U.S. Commodity Futures Trading Comm'n v. Giddens*, No. 1:11-CV-2038-WSD, 2012 WL 603592 (N.D. Ga. Feb. 24, 2012), allegations strikingly similar to those at issue here by the CFTC against three individual defendants were determined to be insufficient under Rule 9(b).  There the CFTC asserted that the three individual defendants fraudulently operated investment pools for forex transactions from January 2010 to October 2010 by soliciting investors with false guarantees of monthly returns, issuing promissory notes that falsely promised interest, and issuing account statements that falsely demonstrated gains when in fact there were significant losses on the accounts. *Giddens*, 2012 WL 603592 at \*\*1, 4.  The allegations were deemed insufficient because, other than the general alleged time period of approximately ten months, there was "no indication of the time these statements occurred, where they occurred, in what manner the statements were transmitted, or to whom they were made." *Id.* at \*5.  Even where the CFTC alleged that a specific defendant promised a particular pool participant that he

9

would receive a guaranteed return in late March 2010, the allegation failed to adequately describe the circumstances of the fraud. *Id.* at *6.

Contrarily, the complaint's allegations in *Giddens* were adequate in part where the investor, although not named, was "described with sufficient detail" by including the amount invested, the manner in which he wired the investment, the banking institution involved, and the date the investment was received. *Id.* at *6. Similarly, false account statements were adequately identified by asserting the date they were received by two particular investors ("on the twenty-fourth of each month"), the means through which they were delivered ("using the websites for [defendant's entities]"), the contents of the statements ("yielded returns of ten percent"), and why they were false ("investments . . . suffered significant losses each month"). *Id.* at *6.

Here, the CFTC's allegations are much less specific. The Complaint identifies "the relevant period" of its allegations as December 2009 through the present. Doc. 1, at ¶ 1. The subsequent allegations fail to further specify when any purportedly fraudulent events specifically occurred beyond generalized broad periods. *See* Doc. 1, at ¶ 29 ("from August 2011 through March 2013"); at ¶ 30 ("[d]uring 2012 and 2013"). For example, the CFTC asserts that "Defendants . . . falsely and fraudulent represented" through an assortment of documents such as a Confidential Information Memorandum, a Subscription Agreement, and a Limited Partnership Agreement a pool management fee arrangement, a limitation on the comingling of funds, a prohibition on loans to

10

controlling entities or persons, a commitment to independent auditing, and that R2 Capital would not possess pool property. Doc. 1, at ¶ 25. The Complaint, however, fails to identify any specific date when these documents or assertions purportedly were sent or made to any individual pool participant, how the documents or statements allegedly were transmitted, or the individual Defendant that supposedly sent or made the statement.

Even in its most specific efforts, the CFTC's allegations fail to satisfy Rule 9(b). For instance, the Complaint states:

> Defendants falsely and fraudulent concealed from at least two pool participants that defendants had closed the PFG forex account, that Pool Participants' funds had been transferred to a new account at IBL, that the Commercial Pool was no longer trading forex, and that the Commercial Pool was now trading E-mini S&P 500 futures and securities products.

Doc. 1, at ¶ 27. Absent from the allegation is any factual detail regarding the "two pool participants," when the allegedly fraudulent statements were made, how they were made, and which Defendants purportedly were involved. The Complaint later asserts that a pool participant requested a partial redemption in July 2013, but fails to describe the pool participant in any detail, how he communicated with Defendants, which Defendants he communicated with, or the circumstances of the redemption request such as the amount. Doc. 1, at ¶ 35.

The Complaint is rife with allegations of fraudulent conduct that omit any factual detail beyond the general categories previously asserted. *See* Doc. 1, at ¶ 29 ("defendants . . . generated and issued false monthly account statements to pool participants"), at ¶ 30

("defendants also periodically issued narrative written reports to pool participants"); at ¶ 34 ("defendants then spent misappropriated funds on personal trips, private school tuition for their children, other investments and miscellaneous personal expenses"). Just as in *Farlow*, *Tatten*, and *Giddens*, the CFTC's reliance on a generalized time period, the omission of any detail regarding the identity of the pool participants, and the failure to describe the type or manner of communication with pool participants collectively fail to set forth the who, what, when, where and how of the alleged fraud.

Because the Complaint lacks sufficient factual detail to support its allegations of fraud, the CFTC's Complaint fails to satisfy Rule 9(b)'s heightened pleading standard. As a result, dismissal is proper.

## B. The CFTC Must Satisfy Rule 9(b)'s Heightened Pleading Standard Because Omitted Factual Detail Is Known To The CFTC.

The inadequacy of the CFTC's Complaint is further demonstrated by its improper reliance upon "information and belief." *See* Doc. 1, at ¶¶ 22, 26, 32, 34. " '[A]llegations of fraud may be *based on information and belief* when the facts in question are peculiarly within the opposing party's knowledge,' but even then, 'the complaint [must] set[ ] forth the factual basis for the plaintiff's belief.' " *L-3 Commc'ns Corp.*, 863 F. Supp. 2d at 1077-78 (quoting *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992) (alterations and emphasis in original). *See also U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 728 (10th Cir. 2006) (noting that "this exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations"

12

(quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997))).

The CFTC asserts all upon "information and belief" that Tomazin and Madigan served roles within the operations of R2 Capital, "defendants" transferred $2.2 million into a trading account at PFG, additional funds were deposited "as a result of . . . false account statements and reports that represented false 'profit' returns," and Tomazin, Madigan, and Vest misappropriated approximately $1.2 million in assets. Doc. 1, at ¶¶ 22, 26, 32, 34. Yet, the CFTC fails to (and cannot) allege that it is limited to pleading upon information and belief because the supposed facts claimed to support these assertions are peculiarly within Defendants' knowledge.

Indeed, assuming for purposes of argument that the allegations are true, the reference in Paragraph 27 to "two pool participants" and in Paragraph 35 to "a pool participant" suggests that the CFTC had particular instances in mind but inexplicably failed to assert requisite factual detail. *See Giddens*, 2012 WL 603592 at *6 (noting that by referencing a particular pool participant in the complaint that "[t]he CFTC clearly has in mind a particular instance of alleged fraud but it did not describe the circumstances of the fraud" and was "therefore required to plead with particularity the circumstances of at least one of the alleged fraudulent misrepresentations"). Moreover, in the Declaration of Kyong J. Koh in connection with another filing by the CFTC [Doc. No. 6; filed 8/16/2014], the CFTC suggests that it is aware of specific information that it omits from

the Complaint.[2]  Thus, the CFTC is not excused from pleading consistent with Rule 9(b)'s heightened pleading standard.

### III. CONCLUSION

The CFTC alleged in its Complaint three general categories of fraud.  These allegations, however, fail to meet Rule 9(b)'s heightened standard for pleading fraud with particularity because the Complaint lacks sufficient factual detail.  Specifically, the CFTC impermissibly relies upon group pleading and fails to identify the alleged fraudulent conduct of each individual Defendant.  Also, the CFTC insufficiently alleges categories of supposed fraud without requisite factual detail.  Furthermore, the CFTC must satisfy Rule 9(b)'s heightened pleading standard because it has acknowledged having alleged factual detail that should be included in the Complaint in accordance with Rule 9(b).  As a result, dismissal is proper.

WHEREFORE, Defendants respectfully request that the Court dismiss the CFTC's Complaint, and award Defendants such other and further relief as the Court deems just and appropriate.

---

[2] The CFTC filed a Declaration of Kyong J. Koh regarding his investigation into Defendants' operations.  This Declaration is irrelevant to the Court's analysis as to whether the CFTC sufficiently alleged fraud in the Complaint.  *See Mobley*, 40 F.3d at 340 (limiting a court's analysis to "the four corners of the complaint").

15

Dated:  October 3, 2014.                    Respectfully submitted,

                                                    *s/Kevin D. Evans*
By:  _____
        Kevin D. Evans
        ARMSTRONG TEASDALE LLP
        6400 S. Fiddlers Green Circle
        Suite 1820
        Denver, Colorado 80111
        Telephone:   720.200.0676
        Facsimile:    720.200.0679
        Email: kdevans@armstrongteasdale.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2014, I caused the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Luke B. Marsh
Chief Trial Attorney
Sophia Siddiqui
Trial Attorney
COMMODITY FUTURES TRADING COMMISSION
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20518
Tel: (202) 418-5322 (Marsh)
Tel: (202) 418-6774 (Siddiqui)
Facsimile: (202) 418-5124
lmarsh@cftc.gov
ssiddiqui@cftc.gov


*s/Leigha Wickham*

_____

Leigha Wickham