IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02182-MSK-KLM

US COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

R2 CAPITAL GROUP LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDALL A. VEST,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay This Case in Light of Related Indictment and Parallel Criminal Proceedings, Request for Forthwith Hearing, and D.C.COLO.LCivR 7.1A Certification** [#45][1] (the "Motion") and on Defendants' **Unopposed Motion for Continuance of Answer Date in Light of Pending Unopposed Motion to Stay Case, and D.C.COLO.LCivR 7.1A Certification** [#47] (the "Motion for Continuance"). Defendants jointly seek a stay of this matter until

---

[1] [#45] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

completion of parallel criminal proceedings against Defendant Ryan Tomazin ("Tomazin").[2] *Motion* [#45] at 2. The Motion is unopposed by Plaintiff. *Id.*

In the interest of justice, the Court may, at its discretion, stay a civil action until completion of parallel criminal proceedings. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (additional citations omitted). However, there is no constitutional right requiring a stay of civil proceedings pending the outcome of criminal proceedings, "absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1081 (2009).

In determining whether a stay is warranted in a particular case, the Court must generally balance the plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003)).

When exercising its discretion, the Court considers the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

---

[2] Although the title of the Motion indicates that Defendants also seek a hearing on the Motion, the substance of the Motion indicates that they only seek "forthwith consideration" of the stay request. *Motion* [#45] at 2.

See *AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236-37). Further, the Court may consider alternatives to a general stay, including "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." See *AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236).

With respect to the first factor, the parties agree that there is substantial overlap between the criminal and civil proceedings with regard to Defendant Tomazin. *See Motion* [#45-1] at 2-5. Based on a review of the Motion and other filings in this matter, the Court agrees with the parties. Accordingly, the Court finds that this factor weighs in favor of imposition of a stay.

With respect to the second factor, the Court generally inquires whether the criminal cases are in the pre- or post-indictment stages. See *AIG Life Ins. Co.*, 2007 WL 2116383, at *2. "A stay is more likely warranted if an indictment has already been issued because (1) 'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and (2) 'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *Id.* (quoting *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006)). Here, the criminal case against Defendant Tomazin is in the post-indictment stage. *Motion* [#45-1] at 6-7. Accordingly, the Court finds that the second factor weighs in favor of imposition of a stay.

With respect to the third factor, Plaintiff has a general interest in the expeditious resolution of its case. However, Plaintiff agrees to the imposition of a stay in this matter. *Motion* [#45] at 2. Thus, the Court finds that this factor weighs in favor of imposition of a

stay.

With respect to the fourth factor, Defendant Tomazin generally has an interest in avoiding the conflict between waiving his Fifth Amendment rights and, in essence, compromising his defense in this civil matter. Further, Defendants assert that Defendant Tomazin "possesses a great deal of information that the other Defendants also will need to defend this case." *Motion* [#45-1] at 2. In light of these uncontradicted assertions, the Court finds that this factor weighs in favor of imposition of a stay.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation moving to conclusion without necessary delay." *In re CFS*, 256 F. Supp. 2d at 1241. On the other side of the scale, final resolution of the parallel criminal proceedings could increase the possibility of settlement in this case. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *4. Thus, the Court finds that this factor weighs neither in favor of nor against a stay.

With regard to the sixth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Thus, the Court finds that this factor is neutral in light of those goals.

Application of the factors examined above results in the conclusion that the imposition of a stay is justified in this matter. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED**. This matter is **STAYED** pending the outcome of Defendant Tomazin's related criminal case.

IT IS FURTHER **ORDERED** Defendant Tomazin shall file a Status Report with the Court every 60 days until the underlying criminal case is resolved and then a report within 10 days of final resolution of the underlying criminal case.

IT IS FURTHER **ORDERED** that the Motion for Continuance [#47] is **GRANTED**.

Defendants shall file an answer or other response to the Amended Complaint [#38] **no later than ten (10) days** after the stay in this matter is lifted by the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 14, 2015 at 10:00 a.m. is **VACATED**. It shall be reset after the stay in this matter is lifted by the Court.

DATED: January 6, 2015 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge