IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO Honorable Marcia S. Krieger

Civil Action No. 14-CV-02182-MSK-KLM

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

v.

R2 CAPITAL GROUP, LLC, RAST
INVESTOR GROUP, LLC,
VESTENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDELL A. VEST,

        Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Randell A. Vest ("Vest") and Bulletproof Vest Inc. Inc. ("BVI") by and through their attorney Michael J. Davis of BKN Murray LLP hereby files their answer to Plaintiff United States Commodity Futures Trading Commission ("CFTC"), First Amended Complaint by its attorneys, and in support thereof, states as follows:

### I.
### SUMMARY

1. Denied as to defendants, Vest and BVI.

2. Denied as to Vest and BVI.

25

3. Denied as to Vest and BVI.

4. Denied as to Vest and BVI.

5. Denied as to Vest and BVI.

6. Denied as to Vest and BVI.

7. Admitted that Tomazin, controlled R2 Capital, directly or indirectly, denied as to Vest and BVI. Denied as to Vest and BVI that they did not act in good faith or knowingly induced, directly or indirectly, the acts of R2 Capital described herein; Denied as to Vest and BVI that they are liable for the acts of R2 Capital pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012).

8. Vest and BVI neither admit or deny this allegation.

9. Admitted.

10. Denied as to Vest and BVI.

## II.
## JURISDICTION AND VENUE

11. Admitted.

12. Admitted..

## III.
## THE PARTIES

13. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

14. Defendants BVI and Vest have insufficient information to either admit or deny whether Tomazin has ever been registered with the Commission in any capacity. The remainder of this allegation is admitted.

15. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

16. Vest and BVI neither admit or deny this allegation.

17. Admitted.

18. Admitted.

19. Admitted that BVI. is a corporation formed in 2009 by defendant Vest in Fort Myers, Florida, solely owned and operated by Vest, and through which defendant Vest co-owned R2. Denied that Vest or BVI controlled and operated defendant R2 Capital.

20. Admitted that Defendant R2 Capital Group LLC is a Colorado limited liability company created by Tomazin in November 2008, and was initially jointly and equally owned by Tomazin and Madigan, and located at Tomazin's home address. In July 2009, defendants Tomazin, Madigan and Vest, through RAST, Madigan Enterprises and Bulletproof Vest (collectively, "defendant holding companies"), assumed equal ownership of R2 Capital but not control or management. Admitted that R2 Capital was never registered with the Commission in any capacity until September 27, 2013, when it registered as a Commodity Pool Operator ("CPO").

IV.
STATUTORY BACKGROUND

21. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

V.
FACTS
A. Defendants' Trading Activities And Fraudulent Activities

22. Admitted that defendants Tomazin, Madigan, and Vest equally owned R2 Capital, but denied that they jointly controlled the operations of R2 Capital through defendant holding companies. Denied that Vest was responsible for R2 Capital's operations, including managing the accounting, reporting and investor relations responsibilities. Admitted that Tomazin is also the sole signatory on each of R2 Capital's and the Commercial Pool's bank accounts, including an account used to accept pool participant deposits. Admitted that Madigan, who solicited at least one

25

investor, is a signatory on trading account opening documents for R2 Capital and the Commercial Pool, described immediately below. Denied that Vest is primarily, but not exclusively, responsible for managing R2 Capital's trading operations and managing the firm's trading platform.

23. Admitted.

24. Denied as to Vest and BVI.

25. Denied as to Vest and BVI..

26. Denied as to Vest and BVI.

27. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

28. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

29. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

30. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

31. Defendants BVI and Vest have insufficient information to either admit or deny the allegation that in December 2009, defendant Tomazin opened, or caused to be opened, the Commercial Pool's trading account at the now-defunct futures commission merchant ("FCM") Peregrine Financial Group ("PFG"), where defendant R2 Capital used pool participant funds to trade forex.   Denied that Defendants Tomazin, Madigan and Vest were the only signatories on trading account opening documents for R2 Capital and/or the Commercial Pool, and as principals of R2 Capital, all had trading authority.

32. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

33. Defendants BVI and Vest have insufficient information to either admit or deny whether in August 2010, R2 Capital opened a Commercial Pool trading account at Interactive Brokers, LLC ("IBL"), a registered FCM or whether between October 2010 and July 2011, whether R2 Capital traded E-mini S&P 500 futures and securities products in this account and whether this trading account realized gains of more than $200,000. Denied that Vest and BVI falsely and fraudulently concealed from Pool Participants 2 and 3, respectively, that defendants had closed the PFG forex account, that Pool Participants' funds had been transferred to a new account at IBL, that the Commercial Pool was no longer trading forex, and that the Commercial Pool was now trading E-mini S&P 500 futures and securities products.

34. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

35. Denied that during the relevant period, Vest or BVI orally and in writing falsely represented to pool participants that their share of the Commercial Pool had increased in value due to successfully trading, when in fact no trading was taking place. Defendants BVI and Vest have insufficient information to either admit or deny whether from August 2011 through March 2013, defendant Tomazin knowingly, willfully, or with reckless disregard for the truth, issued false monthly account statements to Pool Participant 1, that misrepresented that the fund returned profits from its successfully trading, increased in value, and incurred trading expenses charged to pool participants and whether these monthly account statements were false because the Commercial Pool ceased all trading a month earlier, in July 2011, and thus no profits or expenses could have been incurred from trading after that time.

36. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

37. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

38. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

39. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

40. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

41. Defendants BVI and Vest have insufficient information to either admit or deny this allegation because this allegation doesn't refer to any specific representations

### B. Defendants Misappropriated Pool Participants' Funds

42. Denied as to Vest and BVI.

43. Denied as to Vest and BVI.

### C. Defendants Concealed Their Misappropriation Of Participant Funds

44. Denied as to Vest and BVI.

45. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

46. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

47. Admitted.

48. Denied.

### D. R2 Capital Commingled Pool Participant Funds

49. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

50. Denied.

## VI.
## VIOLATIONS OF THE COMMODITY EXCHANGE ACT

## COUNT ONE
### FRAUD IN CONNECTION WITH COMMODITY FUTURES CONTRACTS Violations of Sections 4b(a)(1)(A)-(C) of the Act

51. Defendants Vest and BVI reassert their answers to the allegations set forth in paragraphs 1 through 50 and incorporate them herein by reference.

52. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

53. Denied as to Vest and BVI.

54. Denied as to Vest and BVI.

55. Denied as to Vest and BVI.

56. Denied as to Vest and BVI.

57. Denied as to Vest and BVI.

## COUNT TWO
### FRAUD IN CONNECTION WITH FOREX CONTRACTS Violations of Sections 4b(a)(2)(A)-(C) of the Act

58. Defendants Vest and BVI reassert their answers to the allegations set forth in paragraphs 1 through 57 and incorporate them herein by reference.

59. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

60. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

61. Denied as to Vest and BVI.

62. Denied as to Vest and BVI.

63. Denied as to Vest and BVI.

64. Denied as to Vest and BVI.

65. Denied as to Vest and BVI.

## COUNT THREE

25

FRAUD BY A COMMODITY POOL OPERATOR
Violations of Section 4o(1)(A) and (B) of the Act

66. Defendants Vest and BVI reassert their answers to the allegations set forth in paragraphs 1 through 65 and incorporate them herein by reference.

67. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

68. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

69. Denied as to Vest and BVI.

70. Denied as to Vest and BVI.

71. Denied as to Vest and BVI.

72. Denied as to Vest and BVI.

COUNT FOUR
COMMINGLING OF POOL PARTICIPANT FUNDS
Violation of Commission Regulation 4.20(c), 17 C.F.R. § 4.20(c)

73. Defendants Vest and BVI reassert their answers to the allegations set forth in paragraphs 1 through 72 and incorporate them herein by reference.

74. Defendants BVI and Vest have insufficient information to either admit or deny this allegation.

75. Denied as to Vest and BVI.

76. Denied as to Vest and BVI.

77. Denied as to Vest and BVI.

## VII.
## RELIEF REQUESTED

Wherefore, Defendants BVI and Vest request that all the counts of this Complaint be dismissed and for such other relief as this Court sees fit to grant.

## AFFIRMATIVE DEFENSES

Defendants Vest and BVI further asserts the following affirmative defenses on information and belief:

1. Tomazin approached Vest about participating in a business to sell investments, using some of Madigan's contacts.

2. At all times, Tomazin controlled the operations, representations and any alleged solicitations involved with the referrals from Madigan.

3. At all times, Tomazin also controlled the regulatory structure involved with the entity which was formed and known as R2 Capital.

4. At all times, Tomazin controlled the accounting and bookkeeping records that R2 was required to keep, including tax returns, payments to clients, investment and representations regarding balances in R2's accounts.

5. When clients requested status on their accounts, Vest referred all questions to Tomazin who exercised complete control of all matters relating to investment and accounting.

6. Without admitting any allegations of the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against Defendant Vest and BVI.

7. Without admitting any allegations of the Complaint Vest and BVI, alleges that Plaintiff's inexcusable and unreasonable delay in filing and serving this action has operated to the detriment and prejudice of Vest and BVI, and as a consequence thereof, Plaintiff's rights are barred by the doctrine of laches.

8. The damages, if any, for which Plaintiff seeks relief were proximately caused in whole or in part by Tomazin's own negligent or willful acts or omissions and Vest and BVI is in no way responsible for such acts, omissions, or failures.

9. The damages for which Plaintiff seeks relief were proximately caused, if at all, in whole or in part by Tomazin's negligent or willful acts or omissions and Defendant is in no way responsible for such acts, omissions, or failures.

10. Plaintiff would be unjustly enriched if it recovered from this answering Vest and BVI any of the damages alleged in the first amended complaint.

11. Plaintiff's purported claims against Defendant are barred by the doctrine of unclean hands.

12. Vest and BVI, at all times, acted in good faith and did not, directly or indirectly, know, induce, or in any way participate in any wrongful act or acts as alleged in the Complaint.

13. No one relied on any representations made by Vest and BVI in undertaking any of the conduct alleged in the Complaint, and if there was any such reliance, then said reliance was unjustified or unreasonable.

14. Without admitting any allegations of the Complaint, Vest and BVI alleges that if the Plaintiff damages occurred in the manner set forth in the Complaint, the injuries were caused solely by the action of some other third parties other than Defendant.

15. Defendant reserves the right to amend this Answer as additional facts are discovered.

16. Defendant alleges as an affirmative defense that Defendants are entitled to a set off for all amounts transferred.

Dated: December 14, 2015

**BKN Murray, LLP**

s/ Michael J. Davis
Michael J. Davis, #44287
7695 E. Tennessee Ave., Suite 330
Denver, CO 80224
Ph: (720) 361-6036
Fax: (303) 758-5055
mdavis@bknmurray.com