# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# MAGISTRATE JUDGE KRISTEN L. MIX

Civil Action No. 1:14-cv-02182-MSK-KLM

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

R2 CAPITAL GROUP, LLC; RAST INVESTOR GROUP, LLC; MADIGAN ENTERPRISES, INC.; BULLETPROOF VEST, INC.; RYAN TOMAZIN; RYAN MADIGAN; and RANDELL A. VEST,

    Defendants.

## MOTION FOR CLARIFICATION

R2 Capital Group, LLC, Madigan Enterprises, Inc. and Ryan Madigan, by and through undersigned counsel, respectfully move for clarification regarding the Minute Order dated August 4, 2016, summarizing the telephonic discovery hearing that occurred the same day. A Memorandum in Support is attached hereto and incorporated herein.

Dated: August 11, 2016.

Respectfully submitted:
    *s/Michael J. Davis*
By: _____
Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE KRISTEN L. MIX**

Civil Action No. 1:14-cv-02182-MSK-KLM

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

R2 CAPITAL GROUP, LLC; RAST INVESTOR GROUP, LLC;
MADIGAN ENTERPRISES, INC.; BULLETPROOF VEST, INC.;
RYAN TOMAZIN; RYAN MADIGAN; and RANDELL A. VEST,

    Defendants.

## MEMORANDUM IN SUPPORT OF
## MOTION FOR CLARIFICATION

In support of their Motion for Clarification, R2 Capital Group, LLC, Madigan Enterprises, Inc. and Ryan Madigan ("Madigan Defendants") state as follows:

1. Fed. R. Civ. P. 60(a) permits the Court to correct a clerical mistake or mistake arising from oversight or omission, in a judgment, order or other part of the record, on motion or on its own, with or without notice.

2. Madigan Defendants are unclear about how to comply with several parts of the Court's Minute Order of August 4, 2016 and thus respectfully request that the Court provide clarification as discussed below.

3. The Court's recent Order includes the following language:

> Plaintiff's oral Motion to Compel Defendant Ryan Madigan to produce emails from his Yahoo Account is GRANTED. If necessary, Defendant Ryan Madigan shall execute a consent to require Yahoo to disclose his emails from that account for the relevant time period no later than August 31, 2016.

4. It is unclear to Mr. Madigan and the other Madigan Defendants whether the Court requires Ryan Madigan to consent to Yahoo disclosing his emails to him(self), or to consent to Yahoo releasing the emails subject to Plaintiff's civil subpoena. Therefore, in order to comply with the Court's Order and/or to move for reconsideration, Mr. Madigan and the other Madigan Defendants respectfully request clarification on whether Mr. Madigan, who is unable to obtain access to the account directly, is required to provide a separate consent to Yahoo to disclose any existing emails back to him or is required to consent to a subpoena of his emails by Plaintiff.

5. The Court's Order also includes the following language:

> Plaintiff's oral Motion regarding waiver of the attorney-client privilege by the Madigan Defendants is GRANTED. Madigan Defendants shall produce the documents listed on the privilege log no later than August 31, 2016.

6. It is unclear to the Madigan Defendants whether the Court requires them to produce documents protected only by the work product privilege, and whether this waiver includes documents found in the future to be privileged. Thus, in order to comply with the Court's Order and/or to move for reconsideration, Madigan Defendants respectfully request clarification regarding whether the waiver discussed in the Court's recent Order pertains to documents on the privilege log protected by the work product doctrine but not the attorney-client privilege. In addition, the Madigan Defendants respectfully request clarification regarding whether the waiver stated in the Court's August 4, 2016 Order pertains to documents not included on the privilege log but discovered in the future to be protected by the work product doctrine or attorney client privilege, as well as other objections.

7. Counsel for Madigan Defendants has reviewed the transcript of the telephonic hearing and does not believe that the discussion recorded therein provides the needed clarification. Therefore, Madigan Defendants respectfully request that the Court update its

written Order to address these issues and to reduce the potential for misinterpretation of the Court's Order or a misunderstanding among the parties.

8. Prior to filing this Motion, counsel for Madigan Defendants notified counsel for Plaintiff and the remaining, represented defendants by email regarding his intent to file this motion. Counsel for Madigan Defendants received no response.

9. No parties will be prejudiced by the granting of this Motion.

WHEREFORE, the Madigan Defendants respectfully move for clarification of the following points related to the August 4, 2016 Minute Order:

a. Does the Court require Ryan Madigan to consent to Yahoo disclosing his emails to him(self) or to Yahoo releasing the emails subject to Plaintiff's civil subpoena?

b. Does this waiver pertain only to attorney-client privilege, rather than work product, and is it a waiver of future objections including documents found in the future to be privileged?

Dated: August 11, 2016.

Respectfully submitted:
  *s/Michael J. Davis*
By: _____
Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2016 a copy of the foregoing Motion for Clarification and Memorandum in Support of Motion for Clarification were filed and served electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Dated: August 11, 2016.  Respectfully submitted:

*s/Michael J. Davis*

By: _____

Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com