```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF COLORADO

 3     Case No. 14-cv-02182-MSK-KLM

 4     _____

 5     US COMMODITY FUTURES TRADING COMMISSION,

 6          Plaintiff,

 7     vs.

 8     R2 CAPITAL GROUP, LLC, et al.,

 9          Defendants.

10     _____

11              Proceedings before KRISTEN L. MIX, United States

12     Magistrate Judge, United States District Court for the

13     District of Colorado, commencing at 4:06 p.m., August 4,

14     2016, in the United States Courthouse, Denver, Colorado.

15     _____

16              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17     ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18     _____

19                         APPEARANCES

20          LUKE B. MARSH and DANIELLE E. KARST, Attorneys at

21     Law, appearing for the plaintiff.

22     _____

23

24

25                 TELEPHONIC DISCOVERY HEARING
```

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 2

```
 1                   APPEARANCES (Cont'd)
 2              MICHAEL J. DAVIS, Attorney at Law, appearing for
 3      the defendants R2 Capital Group, LLC, Ryan Madigan, Madigan
 4      Enterprises, Inc., Randell A. Vest, and Bulletproof Vest,
 5      Inc.
 6              RICHARD J. BANTA, Attorney at Law, appearing for
 7      RAST Investor Group, LLC, and Ryan Tomazin.
 8                   P R O C E E D I N G S
 9              (Whereupon, the within electronically recorded
10      proceedings are herein transcribed, pursuant to order of
11      counsel.)
12              THE COURT:  Good afternoon.  This is 14-cv-02182,
13      US Commodities Future Trading Commission versus R2 Capital
14      Group, LLC, et al.  Let's have counsel enter appearances,
15      please.
16              MR. MARSH:  Luke Marsh and Danielle Karst for
17      plaintiff, US Commodity Futures Trading Commission.
18              MR. DAVIS:  Michael Davis on behalf of R2 Capital,
19      Ryan Madigan, and Madigan Enterprises.
20              MR. BANTA:  Good afternoon, Your Honor.  Richard
21      Banta on behalf of RAST Investor Group, LLC, and Ryan
22      Tomazin.
23              THE COURT:  All right.  Good afternoon.  We are
24      here on plaintiff's oral motion to compel responses from
25      defendants R2 Capital Group, Ryan Madigan, and Madigan
```

US Commodity Futures Trading Commission vs.       Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.       August 04, 2016

Page 3

1    Enterprises to interrogatories number 4 and 6, and requests

2    for production of documents number 5 and 9.  I've received

3    and reviewed an email with respect to this dispute, a written

4    discovery dispute chart submitted by the plaintiff with

5    attachments A through E, supplemental materials provided by

6    Mr. Marsh in the form of an email chain, a supplement to a

7    July 15th, 2016, submission, written discovery dispute chart

8    submitted by the plaintiff, a copy of plaintiff's first set

9    of requests for production of documents to the Madigan

10    defendants, a letter -- a privilege log, and a letter dated

11    July 27th, 2016, from Mr. Marsh to Mr. Davis, an email from

12    Ms. Nuremberg to various people, a response to plaintiff's

13    written discovery dispute chart submitted by defendants R2

14    Capital Group, LLC, Ryan Madigan, and Madigan Enterprises, an

15    email chain between attorneys for the plaintiff and an

16    attorney for the Madigan defendants, and an excerpt of

17    responses to interrogatories and other exhibits attached to

18    the submitted materials.

19          Counsel, I have to tell you that you are

20    frustrating me in a way that I'm rarely frustrated when it

21    comes to these discovery disputes because I thought I had

22    made it clear that the purpose of my procedure is to try to

23    streamline discovery disputes.  My disputes are -- my dispute

24    procedures are fairly specific in terms of the type of

25    documentation that I want.  I don't want you to use email as

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 4

1    an alternate method to brief your issues.  When your dispute

2    is about written discovery, I want a written discovery

3    dispute chart submitted by the plaintiff who -- the parties

4    making the motion, whether it's a motion to compel or a

5    motion for protective order.  Unless there are other

6    documents that I must consider in resolving the discovery

7    dispute like the actual written discovery request at issue, I

8    don't want any other emails, I don't want any other briefing

9    in an email, I don't want anything else.  If you give that

10   all to me, it slows things down because I have to try to

11   review it all before the hearing, instead of simply making

12   you tell me at the hearing what you did to confer and what

13   your legal authorities are, etc.

14           So these materials, these supplemental materials

15   that were submitted today, arrived at 12:42 p.m. or

16   thereafter.  I do have other things on my docket besides your

17   case.  It's a miracle that I was able to get through even

18   part of this today.  So when you do that to me, you leave me

19   with the following choice:  I can either do a cursory review

20   of the materials that you've submitted, which probably does

21   none of us any good, or I can postpone the hearing so that I

22   can do a more complete review of the materials that you've

23   submitted, but that, of course, causes further delay in

24   getting the discovery resolved, or I can do no review and ask

25   you to simply tell me everything that I expected you to tell

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 5

1   me at the hearing in the first place, in which event your

2   efforts to submit written materials in excess of what my

3   procedures require were wasted.  None of those choices is a

4   good choice, and having to give you those choices frustrates

5   me and it frustrates the process that I have so carefully

6   designed to try to avoid exactly this situation.

7          So I'm warning you for the last time.  If you

8   submit anything other than a written discovery dispute chart

9   and a copy of the written discovery requests and responses

10  that are in dispute, I not only won't read it, I'm not going

11  to hold a hearing.  Your discovery issue is going to remain

12  unresolved until the day of dispositive motions or trial.  I

13  just don't have the time to mess around like this.  Am I

14  making myself clear, Mr. Marsh?

15         MR. MARSH:  Yes, Your Honor.  I apologize.  It

16  won't happen again.

17         THE COURT:  Mr. Davis?

18         MR. DAVIS:  I understand, Your Honor.

19         THE COURT:  Mr. Banta?

20         MR. BANTA:  Yes, ma'am.

21         THE COURT:  All right.  Now, I'll hear from

22  plaintiff's counsel first since this is plaintiff's oral

23  motion to compel the Madigan defendants to respond to these

24  two interrogatories and two requests for production of

25  documents.  Mr. Marsh?

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 6

1          MR. MARSH:  Thank you, Your Honor.  Actually,

2   the -- I'd like to discuss the request for production of

3   documents first.

4          THE COURT:  That's fine.

5          MR. MARSH:  We first served those requests for

6   production of documents back in February.  They were due --

7   the responses were due on March 7th.  We received no-

8   responses in March.  We received no responses in April,

9   despite our best efforts.  Finally, because we received no

10  responses in May, we had to file a motion and an email

11  submission to the Court with a chart, and a hearing was held

12  by the Court on June 6.  At that hearing the Court determined

13  that Mr. Davis and the Madigan defendants had two weeks to --

14  to finally respond to the request for production of

15  documents.  And it -- on the -- on -- in the transcript of

16  that hearing the Court noted as follows:  That Mr. Davis,

17  quote, Properly -- must properly respond to the

18  interrogatories and the request for production of documents.

19  It's just that simple.  You know, you, Mr. Davis, haven't

20  done your professional duty with respect to this outstanding

21  written discovery, and you need to do it.  And then the Court

22  went on in the transcript to say, quote, If I grant a motion

23  to compel under Federal Rule of Civil Procedure 37(a), I must

24  award attorney's fees and costs.  That's what the rule says.

25  And, finally, Your Honor, you concluded with saying, quote,

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 7

1    I'm inclined to take this matter under advisement and not

2    issue a ruling today, to give you, Mr. Davis, a warning in

3    the most direct terms with respect to what you need to do

4    here, and the warning is this:  You, Mr. Davis, need to amend

5    your responses to the interrogatories and the requests for

6    production of documents.  And the amendments to the written

7    discovery responses must be done within two weeks from

8    today's date.  That will be on or before June 20th of 2016.

9    And they must be in writing.  And the hearing concluded with

10   a colloquy between the Court and Mr. Davis saying as follows:

11   Quote, the Court:  Anything else from the defendant,

12   Mr. Davis?  Mr. Davis responded with, No, Your Honor.  Thank

13   you.  We will comply.  And then two weeks later on June 20th

14   when Mr. Davis was to finally provide us with responses to

15   requests for production of documents, three and a half months

16   after they were due, he didn't.  There was no compliance.

17   And so that three days later on June 23rd we wrote Mr. Davis

18   a letter telling him that he -- he was in violation of the

19   court order and asking that he please either provide us with

20   responses to the request for production of documents because

21   we've received nothing or call us to discuss it.  Five days

22   went by.  Radio silence.

23           June 28th I called Mr. -- Mr. Davis.  I asked

24   him -- and I got him on the phone which was incredible in

25   some sense in and of itself.  And he said that he was busy

US Commodity Futures Trading Commission vs.                    Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.                                               August 04, 2016

Page 8

 1  with another matter but that he'd get right back to us.  He'd
 2  call me right back.  Ten days went by.  He never called.
 3          Accordingly, on June -- excuse me, July 8th, we
 4  filed a second motion to compel trying to get the Madigan
 5  defendants to please comply with the Court's June 6th order
 6  to provide us any responses to the requests for production of
 7  documents.  At that same time I filed that second motion,
 8  Mr. -- simultaneously, Mr. Davis sent me an email saying he
 9  was willing to discuss this.  We got on the phone that
10  afternoon, June (sic) 8th.  Mr. Davis represented to me that
11  he would provide supplemental responses to the
12  interrogatories that he had not done inappropriately, and
13  that he would finally provide us any responses to the
14  requests for production of documents we sent last February,
15  and that he would provide those by July 15th.
16          As a result of that representation that he would
17  provide us responses to the requests for production of
18  documents by July 15th, as a result of that representation by
19  Mr. Davis, I contacted the Court and withdrew my motion to
20  compel compliance.  Well, July 15th came and went and, again,
21  he did not provide any responses to the requests for
22  production of documents.  So on July 18th I wrote yet another
23  letter saying that if they didn't respond within -- by
24  5:00 p.m. the next day I'd have to go back to the Court.  At
25  4:58 p.m. the next day they sent me an email, a rather

US Commodity Futures Trading Commission vs.                    Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.                                              August 04, 2016

Page 9

1   cursory email, saying they'd get back to me -- they'd get --

2   they'd contact me the following day.  The following day, as

3   you might expect, they didn't call, as they said they would.

4           So finally, on July 21st I filed a third motion,

5   oral motion for -- to comply and to have the Madigan

6   defendants finally provide us with a response to request for

7   production of documents and comply with their basic discovery

8   requirements.  Four days after filing that third motion

9   they -- they served us with a response to request for

10  production of documents, some almost six months after we

11  served that request, after three motions to compel, and after

12  an order from this Court that they do so.

13          Now, that's just the request for production of

14  documents.  I can address the interrogatories as well if

15  you'd like, Your Honor.

16          THE COURT:  Yes, please.

17          MR. MARSH:  Okay.  As to the interrogatories, it's

18  somewhat the same thing.  They did provide responses to -- to

19  interrogatories some two months late on May 2nd.  The

20  responses to the interrogatories were served with the

21  requests for production of documents.  Those were served on

22  May -- or, rather, February 5th.  They were due March 7th,

23  but we didn't get responses until May 2nd, therefore,

24  throughout -- and those responses were also the subject of

25  our last hearing on June 6th.  And it's those responses --

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 10

1    and I'm going to read one -- just one excerpt from the

2    transcript.  As to those responses, the Court, Your Honor,

3    you -- you've stated the following:  You stated, quote,

4    Frankly, the responses to the interrogatories that I've

5    reviewed are cursory at best.  There's a -- that's a very

6    pleasant way of describing the responses to the

7    interrogatories.  One might even argue that they're

8    unprofessional.  And you ordered that they provide more

9    detailed responses.  And the one response I want to

10   concentrate on in particular is interrogatory number 4.

11   Interrogatory number 4 asks for a list of -- of all the

12   financial accounts of the defendants, be it 401(k), be it

13   credit cards, be it bank checking accounts or whatnot,

14   because we need -- this is a Ponzi scheme case, and we're --

15   we're trying to follow the money as to what they did with the

16   money that their clients misappropriated from their victims.

17   Well, their first answers to interrogatories the Court found

18   to be arguably unprofessional.  Those answers merely said, We

19   don't have any information.  Well, their second iteration

20   that they provided on June 20th, which is when the Court

21   ordered -- ordered it to happen, those -- the second

22   iteration said -- they provided more detail as to why they

23   have no information.  They said, Well, we don't have any

24   documents because computer servers crashed and -- and that's

25   all we have.  And then on June 23rd I wrote that letter that

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 11

1    I mentioned before.  And he never -- I was -- they didn't
2    call me, so I called them back.  And then we filed our second
3    motion.  And I took it off calendar based upon their
4    representation that they would be providing its answers by
5    July 15th.  July 15th they provided answers, but all they did
6    was assert a new -- they -- their new answer was the same as
7    the old answer, and that is that -- that the computer servers
8    were down so we can't give you a list of our financial
9    accounts.  And now we're asserting a new objection for
10   relevancy.
11           Well, as I'd pointed out to them in my June 23rd
12   letter, after they violated the Court's order, that it
13   doesn't matter whether they have documents or not.  We're
14   asking for a list of their financial accounts.  And, Your
15   Honor, if you want to know what financial accounts I have, I
16   don't need a computer to tell you.  I -- I know that I bank
17   at Wachovia, and I have a Fidelity account, and I have a
18   Vanguard account.  And that's what we want from these folks.
19   And we still to this day -- they've now agreed this week to
20   provide that list to us, but only after our third motion to
21   compel they agreed to provide what interrogatory number 4
22   requests and what this Court ordered that they provide.
23           And that's all I have at this time, Your Honor.
24           THE COURT:  All right.  So, Mr. Marsh, I want to
25   make sure I understand exactly what it is that you are

US Commodity Futures Trading Commission vs.          Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.                                              August 04, 2016

Page 12

1    contending is presently inadequate with respect to the

2    responses of the disputed discovery request.  I understand

3    loud and clear your frustration with the delays in

4    responding, but I haven't heard yet what is exactly wrong

5    with how they have responded to the request for production

6    number 5 and 9, and interrogatory number 6.

7              MR. MARSH:  Well, number 5 and 9 are -- as to the

8    request for production of documents, it's -- it's really a

9    matter, frankly, of delay at this point.  Six months, three

10   motions, an order from this Court that they violated, that --

11   that is causing us prejudice in prosecuting this case.

12             THE COURT:  All right.  So I -- you know, let's

13   just -- let's just cut to the chase here.  I -- what I hear

14   you saying is you think they finally responded, but it took

15   them so darn long that you've been prejudiced.  Is that what

16   you're telling me?

17             MR. MARSH:  Yes, ma'am.

18             THE COURT:  And so what relief are you seeking?

19   You're not asking me to compel them to produce the documents

20   because you're telling me they actually responded.  It took

21   forever, but they actually did, so --

22             MR. MARSH:  They haven't completed that yet.  They

23   are -- they have promised -- they've provided us some

24   documents six months late, and they -- they have represented

25   that they'll provide us more, and that they've represented

US Commodity Futures Trading Commission vs.　　　　　Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.　　　　　　　　　　　　　　August 04, 2016

Page 13

1　that they will provide us answers to interrogatory number 4,

2　although they haven't yet.

3　　　　　　But what I'm asking for, pursuant to 37 -- 37 --

4　Rule 37(a)(5)(A), if -- if -- if -- is for reasonable

5　attorney's fees for all the work we've done in this case.

6　I -- it's not really my style to ask for these sorts of

7　sanctions.  I've done -- I think I've demonstrated that we've

8　done a great deal in trying to avoid bothering the Court with

9　this, with all the letters and -- and requests and emails,

10　everything I could do, taking a motion off calendar, anything

11　I could do to work this out amicably, but we've spent so much

12　time, wasted so much time trying to get documents that we're

13　entitled to, over the last six months, using up half -- half

14　of our period of discovery, that under -- under 37(a)(5)(A)

15　if -- if -- if they provide responses after we've had to file

16　the motion, then attorney fees, I believe, must be granted,

17　as I think the Court indicated the last time at our last

18　hearing.

19　　　　　　THE COURT:  All right.  So this is --

20　　　　　　MR. MARSH:  Also --

21　　　　　　THE COURT:  -- this is really a motion for

22　attorney's fees.  It's not a motion to compel production of

23　responses to requests for production and interrogatories.

24　It's a motion for fees.  Is that what we're talking about?

25　　　　　　MR. MARSH:  I -- what it boils down to, I guess,

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 14

1    those are the remedies that would have to be applied.  And

2    it's really also a motion to enforce the Court's previous

3    order, because as it stands right now we still don't have

4    everything we've asked for.

5              THE COURT:  Well, that's -- that's where I need

6    your help, Mr. Marsh.  I'm -- I'm not going to enter an order

7    to the effect that the defendant has to produce everything

8    you've asked for.  I have -- you know, you have to direct me

9    to what you think the missing pieces are --

10             MR. MARSH:  Well --

11             THE COURT:  -- so that if I do enter an order

12   compelling them to respond, I can enter a specific order.

13             MR. MARSH:  Well, they've -- okay.  They've

14   agreed -- we still don't have a response to interrogatory

15   number 4 that lists their financial accounts.  They've

16   promised to do that, but, frankly, I'm a bit incredulous that

17   that will happen since it hasn't happened in the last six

18   months.  They -- they've also promised to provide us with

19   outstanding emails, which, frankly, normally -- previously

20   they'd indicated that they don't have.  Now, they,

21   apparently, found some email on a new account that they

22   hadn't disclosed before.  They've -- they've represented that

23   they will provide it, but they didn't do it until this week.

24   And, yes, to the extent that we can believe that they'll do

25   what they'll do, then I guess it's not a motion to compel,

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 15

 1  but it certainly is -- yeah, it is a motion for attorney's

 2  fees.

 3          THE COURT:  Okay.  So are you asking me to compel

 4  them to provide the list of financial accounts in -- in

 5  response to interrogatory number 4 or not?

 6          MR. MARSH:  Yes, Your Honor.

 7          THE COURT:  All right.  And what about these

 8  outstanding emails?  Where were they requested?

 9          MR. MARSH:  Well, there's a couple things.

10  They -- they've indicated that there's -- for the first time

11  we've learned that there's some sort of personal Gmail

12  account that they have.  They say that they're -- they're

13  providing -- they're going through those documents and

14  they'll continue to produce them, but they haven't completed

15  that production yet.  And that's as to request for production

16  of document number 5.  And we'd like that to continue.

17          Also, they indicated last month, again, six months

18  after the fact, that there's a Yahoo account, that

19  Mr. Madigan had a Yahoo account that he could no longer

20  access.  We -- we, therefore -- we've got some pretty good

21  forensic folks here.  So we asked them if -- if Mr. Madigan

22  would sign a consent form for us to obtain them so that --

23  that maybe we could get our hands on these -- these missing

24  Yahoo emails.  And they've contended that -- or they've --

25  they've simply said that they wouldn't provide those, and the

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 16

 1  reasoning being because they claim -- they claim, and maybe

 2  they're correct, they don't have to.

 3           THE COURT:  Okay.  So --

 4           MR. MARSH:  And we would like an order compelling

 5  them to produce their email accounts.  They've also withheld

 6  several emails on the basis of the attorney-client privilege

 7  and work-product privileges.  And those emails -- those

 8  objections, pursuant to the Famm (phonetic) case, in our

 9  opinion, are waived.  Those objections are waived based upon

10  their tardy responses.

11           THE COURT:  All right.  So my list now includes

12  the following:  You want me to compel the defendants to

13  produce a list of their financial accounts in response to

14  interrogatory number 4.  You want me to compel the defendants

15  to produce copies of emails from a Gmail account, and a

16  consent to Yahoo to produce emails from the Yahoo account.

17  You want me to rule that the attorney-client privilege

18  asserted on the privilege log has been waived and, therefore,

19  the documents reflected on the privilege log must also be

20  produced.  And you want me to award you attorney's fees

21  incurred in your lengthy efforts to obtain these materials.

22  Is my list now complete?

23           MR. MARSH:  Also pursuant to -- on -- on request

24  for production of document number 9, we want an order

25  compelling them to produce documents regarding their

US Commodity Futures Trading Commission vs.          Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.                                                    August 04, 2016

Page 17

 1   financial accounts.  They've said that they will, but we
 2   still don't have them.
 3              THE COURT:  All right.
 4              MR. MARSH:  And that's it, Your Honor.
 5              THE COURT:  Okay.  Thank you.  Mr. Davis, I'll
 6   hear from you.
 7              MR. DAVIS:  Well, Your Honor, we have an associate
 8   that is -- that we have dedicated to deal with this matter
 9   full-time.  There are a tremendous amount of documents that
10   need to be reviewed.  I apologize to the Court for not
11   allocating the resources to this.  We have had discussions
12   with our client in this regard.  And to the extent that we
13   are now spending a great deal of time discussing this with
14   him, it happens to be revealing information that was not
15   heretofore available to us.  We have been in constant
16   communication with Mr. Marsh over the last several weeks.  We
17   stated during -- as to interrogatory number 4, we stated that
18   during our -- the August 1st call that we would agree to
19   supplement the response to interrogatory number 4 by
20   August 8th as we gathered the information by producing a list
21   of financial accounts for the Madigan defendants for the
22   relevant period.
23              As to interrogatory number 6, again, during the
24   August 1st call counsel for plaintiff, Mr. Marsh, agreed to
25   narrow the scope of this interrogatory.  So it is virtually

US Commodity Futures Trading Commission vs.       Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.       August 04, 2016

Page 18

1   identical to interrogatory number 4, and it will be satisfied

2   by the amended response to interrogatory number 4 that --

3   that the -- that the defendants, our clients, have agreed to

4   provide.

5         So to the extent that the original interrogatories

6   sought information concerning assets and liability outside of

7   a list of financial accounts, plaintiff has agreed not to

8   pursue this additional information at this time.  These were

9   all agreements, which contrary to Mr. Marsh's representation,

10   I understand, prior to this point in time, but in the last

11   four weeks we have aggressively been pursuing providing the

12   information or clearly stating what it is that our objections

13   are to the information.

14         So, for instance, the Yahoo account.  We are

15   not -- we are not going to agree to allow the United States

16   with their forensic expert to rifle through our client's

17   Yahoo account.  We don't have to do it, and -- and we are not

18   going to do it.  We don't believe in this particular case --

19   this is a 12-month discovery period.  We don't believe

20   that -- that there has been prejudice to the -- prejudice to

21   the CFTC at this particular point in time, given the fact

22   that -- that the CFTC already has a great deal of this

23   information in their possession.  We're -- we're merely --

24   we're merely confirming infor -- a lot of this information

25   merely confirms information that they already had.  And I've

US Commodity Futures Trading Commission vs.         Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.         August 04, 2016

Page 19

1   brought this point up before.  There are still six months to

2   complete discovery.  Mr. Marsh is upset because he's not

3   taking depositions, but, again, he's got six months to take

4   depositions.  And the document production, which -- which

5   is -- will be completed shortly by agreement between the

6   parties without the necessity to -- to have an order

7   compelling this.  That -- that we are -- are thoroughly

8   engaged in the process of completing this -- this document

9   production so that Mr. Marsh can proceed on with -- with

10   depositions, but he's got six months to do it.  So we don't

11   believe that he's prejudiced along these lines.

12         We've -- we -- we had -- you know, we have -- have

13   come up with an agreement, at least it was our impression

14   that we came up with an agreement to produce these things.

15   We understand our duty to produce them.  We will produce

16   them.  As I indicated, we have allocated significant

17   resources of the firm to do this at this point in time with

18   an associate spending virtually full time to complete this

19   production of documents so that Mr. Marsh can move on to the

20   next stage of -- next stage of discovery.

21         So we would respectfully request that the Court

22   allow us to complete this discovery as agreed to between the

23   parties and move on from there.

24         THE COURT:  Is there some document that you're

25   referring to where you say this agreement was reached, that

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 20

1     you'd provide it to me?

2             MR. DAVIS:  Yes, Your Honor.  It was -- it was the

3     emails that we've submitted showing the communication between

4     the parties.  And I understand that Your Honor doesn't --

5     doesn't like to have that kind of peripheral information, but

6     we have the email that -- that indicates what the agreement

7     was between the parties.

8             THE COURT:  Well, the question is, do I have that

9     email?

10            MR. DAVIS:  Yes, Your Honor.  It's Exhibit B that

11    we've submitted as part of the information.  And -- and for

12    Your Honor's information, when we sent this to Mr. Marsh on

13    August 1st, 2016, we indicated that this is our understanding

14    of what we discussed, and please follow-up if you disagree,

15    and we had no follow-up from Mr. Marsh, so --

16            THE COURT:  I'm looking at Exhibit B.  All right.

17    Mr. Marsh, I'll give you the last word.  Do you want to

18    respond with respect to the issue of whether this agreement,

19    as reflected in Exhibit B, somehow modifies your request that

20    you're making today to the Court in terms of their

21    obligations to produce discovery?

22            MR. MARSH:  Only -- only -- no.  It doesn't modify

23    our request in any way in my mind.  I would also note that

24    Mr. Davis, while he talked about prejudice or no prejudice,

25    first of all, he offered no excuse for why they didn't put

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 21

1  sufficient resources on this six months ago when they were
2  required to.  He -- his claim that there's no prejudice is
3  incorrect.  We've had six months waiting for documents so
4  that we can begin discovery.  I couldn't get any documents
5  from Mr. Tomazin because Mr. Tomazin is Mr. Madigan's
6  coconspirator.  He's been in prison for the last six months.
7  I couldn't get any documents from Mr. Vest because Mr. Vest
8  is missing in action and is no longer agreeing to participate
9  in the defense of this case.  It was always our intent to
10  take Mr. Madigan's deposition first.  We've been unable to do
11  this.  And for Mr. Davis to suggest that -- that he can just
12  not provide any documents or resources to get us the
13  documents for six months and then claim that, Well, I've got
14  plenty of time to do it, to do the remaining discovery, he's
15  essentially -- he's controlling, in all senses, the discovery
16  schedule in this case, and it's completely inappropriate.
17          That's all I have, Your Honor.
18          THE COURT:  Well, what's the relevant timeframe
19  for the discovery that you're seeking?
20          MR. MARSH:  Say again.
21          THE COURT:  What is the relevant timeframe for the
22  discovery that you are seeking?
23          MR. MARSH:  Timeframe as far as when I want the
24  documents or what the -- what dates the documents concern?
25          THE COURT:  Yeah.  What dates the documents

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 22

1   concern.

2          MR. MARSH:  They concern 2008 through the end of

3   '14, I believe.

4          THE COURT:  Is that defined somewhere in your

5   written discovery request?

6          MR. MARSH:  Yes, ma'am, it is.  Let me -- 2008 to

7   the present, November 2008 to the present.

8          THE COURT:  And where is that defined?

9          MR. MARSH:  I'm sorry.  In the first request for

10  production of documents.  In the -- in the instructions to

11  the first request for production of documents, instruction

12  number 1.

13         MR. DAVIS:  And, Your Honor, we objected to that

14  request in our original interrogatory response on May 2nd.

15         MR. MARSH:  And that's -- and that, again,

16  objection was untimely.

17         THE COURT:  I'm looking through the voluminous

18  documents that I have to try to find a copy of the discovery

19  request.  Here they are.  Which designation are you referring

20  to, Mr. Marsh?

21         MR. MARSH:  The -- it's the first request for

22  production of documents.  It's the -- under the

23  instructions -- excuse me.  Under the --

24         THE COURT:  Instructions A1?  Yeah.

25         MR. MARSH:  Yes.

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 23

 1         THE COURT:  Well, what evidence do you have that

 2    Mr. Madigan had a Yahoo account from -- any time from 2008

 3    through the end of 2000 -- or to the present?

 4         MR. MARSH:  I think it's undisputed that -- that

 5    he had a Yahoo account then.  We -- we do have some emails

 6    evidencing a Yahoo account.  And, in fact, I -- as -- the

 7    best evidence, of course, is Mr. -- their responses to our --

 8    to our request for production of documents where they

 9    finally -- on August 1st where they finally revealed that

10    there was a Yahoo account, and that they had a difficult time

11    accessing it.  So the best evidence of that is the fact that

12    they -- they claim there was a Yahoo account.

13         THE COURT:  All right.  Do you want to address

14    the -- the purported letter of agreement at Exhibit B to the

15    defendants' submissions where you purportedly agreed to

16    modify interrogatory number 4 and request for production

17    number 9, etc.?

18         MR. MARSH:  Boy, that -- I don't disagree with

19    that -- that discussion, but we still don't have those

20    documents.

21         THE COURT:  Okay.  But what this discussion at

22    least implies to me is that interrogatory number 6 and

23    interrogatory number 4 were going to be deemed to request the

24    same information.

25         MR. MARSH:  Oh, I'm sorry.  Yes.  That's true,

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 24

1  Your Honor.  And that's why --

2          THE COURT:  So you don't really need to compel a

3  response to both 4 and 6.  It's the same information you've

4  agreed to accept in response to either.

5          MR. MARSH:  Beg your pardon, Your Honor.  Your

6  Honor, you're absolutely right.  And I think I -- I mentioned

7  6 in my -- as I discussed earlier, and I shouldn't have.  We

8  have merged 4 and 6.  I apologize for that.

9          THE COURT:  And it seems to me from this letter,

10  or it looks like it's an email, I don't know if it's a letter

11  or an email, Exhibit B, it also seems to imply that you

12  agreed that the response to interrogatory 4/6 would also

13  respond to request for production number 9.  Is that correct

14  or not correct?

15          MR. MARSH:  I don't believe that's correct, Your

16  Honor.  I still want the financial account documents to the

17  extent they exist, to -- to the extent they have them.

18          THE COURT:  All right.  Well, as we finally now

19  have clarified, I'm going to construe this as plaintiff's

20  oral motion to compel a response to either interrogatory 4 or

21  number -- or interrogatory number 6, to request for

22  production number 5, and request for production number 9.

23  It's also an oral motion to compel the defendant,

24  Mr. Madigan, to execute a consent to obtain emails from his

25  Yahoo account.  It's also an oral motion to ask the Court to

US Commodity Futures Trading Commission vs.                    Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.                                              August 04, 2016

Page 25

 1  rule that the defendant waive the attorney-client privilege

 2  with respect to documents listed on the privilege log when

 3  that privilege was asserted in an untimely way.  And it is a

 4  request for attorney's fees and costs incurred by the

 5  plaintiff in conjunction with the efforts to obtain

 6  information from these discovery responses which were

 7  originally served in February of 2016.

 8          The oral motion of the plaintiff is granted.  The

 9  defendants -- the Madigan defendants on or before

10  August 31st, 2016, will provide final responses to

11  interrogatory 4 or interrogatory number 6, take your pick.

12  The plaintiff has indicated that they're both the same and

13  they both request the same information.  To request for

14  production number 5, and to request for production number 9.

15  The defendant will also execute on or before that date a

16  consent to have Yahoo provide his email account from the

17  relevant time period.  The defendant is also deemed to have

18  waived the attorney-client privilege with respect to the

19  attorney-client privilege listed on the privilege log.  That

20  privilege was asserted in an untimely way.

21          The plaintiff will be awarded its reasonable

22  attorney's fees and costs incurred in the course of these

23  last six months to attempt to obtain answers to its written

24  discovery.  We have a local rule that requires that the

25  plaintiff submit a written request for attorney's fees and

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 26

1    costs in accordance with the local rule, including an

2    affidavit and time sheets, and that the defendant be

3    permitted to respond.  If plaintiff will submit the documents

4    requested by the local rule on or before August 18th of 2016,

5    the defendant may respond on or before August 25th of 2016.

6    No reply will be permitted.

7            Is there anything further we need to address today

8    from the plaintiff's point of view?

9            MR. MARSH:  No, Your Honor.

10           MR. DAVIS:  Yes, Your Honor.  It's -- it's very

11   clear that the law states that there is no right to access

12   records with a civil subpoena, under the Stored

13   Communications Act, Bower v. Bower, 808 F. Supp. 348, and

14   Mintz v. Mark Bartelstein & Associates, Inc.

15           So I would object to an order that would allow the

16   CFTC to access the Yahoo account contrary to prevailing law.

17   I understand that this may be something that the Court may

18   want to do in -- to sanction the parties for their -- their

19   cooperation at this point in time.  But that is a relatively

20   recent request.  And it is contrary to prevailing law in this

21   matter.  So if we are -- if -- if the judge -- if Your Honor

22   is going to order that, we will be seeking a review of that

23   order.  And -- and rather than do that, I believe it would be

24   in everyone's best interest to just recognize that the law

25   indicates that the government and their -- and their forensic

US Commodity Futures Trading Commission vs.         Telephonic Discovery Hearing
R2 Capital Group, LLC, et al.                          August 04, 2016

Page 27

1    experts can't have access to the -- the defendants' Yahoo

2    account.

3            THE COURT:  Well, let me put it this way,

4    Mr. Davis:  You're, of course, permitted to undertake any

5    type of procedural review of my orders that you would like,

6    but this amounts to, in my view, what could be viewed as

7    spoliation.  The plaintiff hadn't characterized it as such,

8    but the reason why this was a relatively recent request, as

9    far as I understand, is because you only recently made the

10   plaintiff aware that your client had a Yahoo account.  And

11   your client is contending that servers were damaged or that

12   the account was somehow shut down and he no longer has access

13   to it.  This could have been characterized as a

14   spoliation-related request.

15           But furthermore, whether it's characterized as

16   spoliation or not, you have disobeyed a discovery order that

17   was very clearly entered by the Court on June 20th of 2016.

18   Rule 37(b)(2) of the Federal Rules of Civil Procedure says as

19   follows:  If a party or a party's officer, director, or

20   managing agent fails to obey an order to provide or permit

21   discovery, including an order under Rule 26(f), 35, or 37(a),

22   the court where the action is pending may issue further just

23   orders.  They may include the following:  (1) directing that

24   the matters embraced in the order or other designated facts

25   be taken as established for purposes of the action, as the

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 28

1    prevailing party claims; (2) prohibiting the disobedient
2    party from supporting or opposing designated claims or
3    defenses, or from introducing designated matters in evidence;
4    (3) striking pleadings in whole or in part; (4) staying
5    further proceedings until the order is obeyed; (5) dismissing
6    the action or proceeding in whole or in part; (6) rendering a
7    default judgment against the disobedient party; or (7)
8    treating as contempt of court the failure to obey any order
9    except an order to submit to a physical or mental
10   examination.
11           I submit to you that the sanctions that are
12   permitted by Rule 37(b)(2) are much more severe than the
13   sanction that the Court is imposing here.  The sanction that
14   I am choosing to impose here is to require your client to
15   execute a consent so that emails of his, emails which he
16   admits existed at one time and which may be relevant to this
17   action may be produced by a third-party provider.  They're
18   obviously available.  They're not available directly to your
19   client, but they're available through the stroke of a pen by
20   him.  And as a sanction for your client's repeated failure to
21   comply with my discovery order, that is what I am ordering.
22           All right.  Is there anything --
23           MR. DAVIS:  But -- but -- but, Your Honor, you --
24   you -- this is -- I understand the nature of the sanction.
25   But -- but the sanctions that are detailed in the rule

US Commodity Futures Trading Commission vs.  
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing  
**August 04, 2016**

**Page 29**

1     have -- are within the Court's purview, but they have

2     limitations in relation to any law that -- that applies to a

3     sanction that the -- that the Court would apply.  So if -- if

4     a -- if a -- if a Court --

5           THE COURT:  Mr. Davis, I -- I understand your

6     argument.  I understand your argument.  Your argument is that

7     I am ordering you to do something that the law doesn't --

8     doesn't allow me to order you to do.  I understand that.  I

9     understand exactly what you're arguing.  I am -- I disagree.

10     I think that I'm entitled to sanction you for disobeying a

11     Court order.  I think that the sanctions that are listed in

12     37(b)(2)(A) are representative sanctions.  They're not every

13     sanction the Court can impose.  They say -- the rule says,

14     The sanctions may include the following.  I am devising my

15     own sanction here in addition to the attorney's fees and

16     costs.  And the sanction that I am devising is that your

17     client has to turn over the Yahoo emails.  And the way that

18     he has to get that done is he has to consent to have the

19     Yahoo people provide the emails for the relevant time period.

20     You certainly are entitled to appeal my order, and that's

21     your remedy, but you're definitely not going to change my

22     mind.  I don't know how I could have made it any clearer to

23     you in June as to what your responsibilities were.  You even

24     admitted in your argument a few moments ago that you've

25     assigned an associate to this full time for the last four

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 30

1    weeks.  Well, it's August 8.  So the last four weeks were

2    from July 8th roughly to August -- I'm sorry, it's

3    August 4th.  So from July 4th to August 4th, allegedly,

4    you've assigned an associate full time.  Well, what about

5    from June 20th, the date of my order, to July 4th?  This is

6    the most egregious misconduct in terms of failure to respond

7    to discovery that I've seen in my nine years on the bench.

8    You simply don't want to comply.  And I feel that I have the

9    authority to enter appropriate sanctions, and I feel this is

10   an appropriate sanction under the circumstances.  So you may

11   exercise the rights that the Rules of Civil Procedure allow

12   with respect to making an objection to my order, but that's

13   my order.

14            MR. DAVIS:  Your Honor, will you be -- will you be

15   submitting this order in written form?

16            THE COURT:  There will be minutes of today's

17   proceeding that will document my order.  Yes.

18            MR. DAVIS:  Okay.

19            THE COURT:  Is there anything further from the

20   plaintiff?

21            MR. MARSH:  No, Your Honor.  Thank you.

22            THE COURT:  Anything further from the defendants?

23            MR. DAVIS:  No, Your Honor.

24            THE COURT:  Mr. Banta?

25            MR. BANTA:  No, Your Honor.  As the Court's aware,

US Commodity Futures Trading Commission vs.
R2 Capital Group, LLC, et al.

Telephonic Discovery Hearing
August 04, 2016

Page 31

1   I just recently entered my appearance.  I've already had some

2   mutual discussions with Mr. Marsh concerning the discovery

3   issues as they relate to my client, so hopefully we won't be

4   in this situation.

5           THE COURT:  All right.  Thank you.  We're in

6   recess.

7           THE CLERK:  Court is in recess.

8           (Whereupon, the within hearing was then in

9   conclusion at 4:50 p.m.)

10

11

12          I certify that the foregoing is a correct

13  transcript, to the best of my knowledge and belief (pursuant

14  to the quality of the recording) from the record of

15  proceedings in the above-entitled matter.

16

17

18

19  /s/ Laurel S. Tubbs                    August 11, 2016

20  Signature of Transcriber               Date

21

22

23

24

25