IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 14-CV-02182-MSK-KLM

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

          Plaintiff,

v.

R2 CAPITAL GROUP, LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDELL A. VEST,

          Defendants.

## PLAINTIFF'S RESPONSE TO
## MADIGAN DEFENDANTS' MOTION FOR CLAIRIFICATION

Plaintiff United States Commodity Futures Trading Commission (the "Commission" or "CFTC") responds to Defendants' Ryan Madigan, Madigan Enterprises, Inc. and R2 Capital Group, LLC (collectively, "Defendants") Motion for Clarification (#117) as follows:

<u>Waiver of the Work Product Doctrine</u>

First, the record is clear that Plaintiff made an oral motion that Defendants waived the work-product privilege in addition to the attorney-client privilege. However, the record also clearly indicates a miscommunication between the Court and Plaintiff's counsel (or a simple, inadvertent omission by the Court), as to whether the oral motion also pertained to waiver of the attorney work-product privilege, because the Court confirmed only Plaintiff's oral motion for

waiver of attorney-client privilege, but omitted reference to Plaintiff's motion regarding waiver of work product:

> MR. MARSH: [The Defendants have] also withheld several emails on the basis of the attorney-client privilege <u>and work-product privileges</u>. And those emails – those objections, pursuant to the [Pham] case, in our opinion, are waived. Those objections are waived based upon their tardy responses.
>
> THE COURT: All right. So my list now includes the following: . . . You want me to rule that <u>the attorney-client privilege</u> asserted on the privilege log has been waived and, therefore, the documents reflected on the privilege log must also be produced.

*See* #119, Transcript of August 4, 2016 Hearing at 16:5-20 (emphasis added).

At the hearing, Plaintiff's counsel did not notice that the Court had inadvertently omitted mention of Plaintiff's oral motion for waiver of the work-product doctrine.

The Court then granted Plaintiff's oral motion for the reasons argued by Plaintiff; however, the Court again did not include a reference to the work-product waiver sought in Plaintiff's clearly stated oral motion:

> The defendant is also deemed to have waived the attorney-client privilege with respect to the attorney-client privilege listed on the privilege log. <u>That privilege was asserted in an untimely way</u>.

*See* #119 at 25:17-20 (emphasis added).

There was no discussion or argument in the record differentiating between the application of the work product and attorney-client privileges. Both were waived. The record clearly indicates a simple miscommunication between the Court and counsel. In any case, pursuant to *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000), the work product privilege—and all objections—was waived because "[t]hat privilege was asserted in an untimely way." (#119 at

25:17-20)

Second, the waiver of these privileges should apply to all documents required to be produced in response to Request Number 5 of Plaintiff's First Request for Production of Documents. The waiver of these privileges was due to Defendants' untimely assertion of the privileges in Response to Request Number 5, and Defendants' violation of the Court's June 6, 2016 Discovery Order. (#114, #119) Defendants' privilege log pertains to documents withheld from production in response to Request Number 5. The Court ordered that Defendants must complete their response to that Request by August 31, 2016 (#114), and the Defendants have a continuing duty to supplement their responses as they discover responsive materials in the future. Fed. R. Civ. P. 26(e)(1). Accordingly, Defendants have waived the work-product and attorney-client privileges as to any documents responsive to that request, generated during the relevant time period, that are discovered in the future.

<u>The Yahoo Account</u>

The Court ordered Defendant Ryan Madigan to produce his Yahoo account emails, and if necessary, he "shall execute a consent to require Yahoo to disclose his emails from that account for the relevant time period." (#114) Defendant Ryan Madigan contends there are two types of consent forms: one to obtain his own emails for himself, and one to consent to release of emails in response to a third party subpoena. (#117 at ¶ 4) The purpose of the Order is to obtain the emails—therefore, Defendant Ryan Madigan should be compelled to execute a consent form on behalf of himself and the other Defendants authorizing Yahoo to disclose and release emails from Ryan Madigan's Yahoo account, including any emails previously deleted or archived.

Respectfully submitted,

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION

BY:   *s/Luke Marsh*
LUKE B. MARSH
Chief Trial Attorney
DANIELLE KARST
Senior Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
Tel: (202) 418-5322 (Marsh)
Tel: (202) 418-6158 (Karst)
Facsimile: (202) 418-5124
lmarsh@cftc.gov
dkarst@cftc.gov
Counsel for Plaintiff
U.S. Commodity Futures Trading Commission

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, I caused a copy of the foregoing Plaintiff's Response to Madigan Defendants' Motion for Clarification to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

**Counsel for Defendants Ryan Tomazin and RAST Investor Group, LLC**:

Richard J. Banta, Esq.
Law Office of Richard J. Banta, P.C.
3773 Cherry Creek North Drive
Denver, CO 80209
Ph: (303) 331-3415
Fax: (303) 331-1195
info@richardbantalaw.com

**Counsel for Defendants Madigan Enterprises, Inc., Ryan Madigan, Bulletproof Vest, Inc**.:

Michael J. Davis, Esq.
BKN Murray, LLP
6795 E. Tennessee Ave., Suite 330
Denver, CO 80224
Ph: (303) 758-5100
Fax: (303) 758-5055
mdavis@bknmurray.com

Additionally, I hereby certify that on August 12, 2016, service of the foregoing Motion for Sanctions and Memorandum in Support was made on the following Defendants via First-Class United States Postal Service Mail:

*Pro Se* **Defendant Randell A. Vest**
9613 Halyards Ct.
Fort Myers, FL 33919

*Pro Se* **Defendant Bulletproof Vest, Inc.**
9613 Halyards Ct.
Fort Myers, FL 33919

*s/ Luke Marsh*
Luke Marsh