IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02182-MSK-KLM

US COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

R2 CAPITAL GROUP LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDALL A. VEST,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Sanctions Against Defendants Randell A. Vest and Bulletproof Vest, Inc. and Memorandum in Support** [#121][1] (the "Motion"). No Response or other briefing has been filed. The Motion is thus ripe for resolution. For the reasons stated below, the Motion [#121] is **GRANTED**.

On November 4, 2014, Plaintiff filed an Amended Complaint [#38] against Defendant Bulletproof Vest, Inc., Defendant Randall A. Vest (collectively, the "Vest Defendants"), and others for alleged fraud and misappropriation of investor funds in the operation of a

[1] "[#121]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

commodity investment pool. The Amended Complaint [#38] asserts that the Vest Defendants and the other co-defendants are jointly and severally liable for their participation in the scheme to defraud their customers. On December 15, 2015, the Vest Defendants filed an Answer and Affirmative Defenses [#77] to the Amended Complaint [#38].

On February 5, 2016, Plaintiff served its First Set of Interrogatories and First Set of Requests for Production of Documents on the Vest Defendants through their counsel.[2] *See Ex. A* [#121-1] (interrogatories); *Ex. B* [#121-2] (requests for production). Thus, the Vest Defendants' responses to this written discovery were due March 7, 2016. However, they did not provide responses, and from March 2016 through July 2016, Plaintiff unsuccessfully conferred with the Vest Defendants' counsel in repeated efforts to obtain the discovery responses, including "sending numerous emails and letters and contacting defense counsel by phone," as further detailed in the Motion.[3] *Motion* [#121] at 2-3. As of the date of the Motion [#121], the Vest Defendants had not responded, objected, or sought an extension to respond to Plaintiff's discovery requests, and there is no indication in the record that they have done so since the filing of the Motion [#121]. *Id.* at 3.

On July 11, 2016, counsel for the Vest Defendants filed a Motion to Withdraw as Attorney [#100], describing at length how the Vest Defendants refused to communicate with him regarding Plaintiff's discovery requests, or, indeed, regarding any other aspect of their defense, from about December 2015 through the date of the filing of the request to

---

[2] There is no indication in the record that this written discovery was not properly served.

[3] Thus, Plaintiff has complied with Fed. R. Civ. P. 37(d)(1)(B), which requires the party moving for discovery sanctions to demonstrate that it has "conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

withdraw.  *See Aff. of Michael J. Davis* [#100-2].  On July 18, 2016, the Court granted defense counsel's Motion to Withdraw as Attorney [#100] and ordered new counsel to enter an appearance in this matter on behalf of Defendant Bulletproof Vest by August 15, 2016, given that an entity cannot litigate in the absence of counsel.  *See Minute Order* [#102]. Neither of the Vest Defendants have contacted the Court in any way since the withdrawal of their counsel on July 18, 2016.  On August 8, 2016, mail sent to Defendant Bulletproof Vest, Inc. was returned as undeliverable to the Court.  *See* [#116].  On January 3, 2017, mail sent separately to each of the Vest Defendants were also returned as undeliverable to the Court.  *See* [#131, #132].

On July 15, 2016, pursuant to the undersigned's discovery dispute procedures, Plaintiff emailed a discovery dispute chart and related materials to the Court regarding the Vest Defendants' failure to comply with their discovery obligations.  In response, the Court directed Plaintiff to "file a written motion addressing the issue raised in the e-mailed discovery dispute."  *Minute Order* [#103].  The Minute Order [#103] also directed the Vest Defendants to file a written response to Plaintiff's discovery motion by August 26, 2016, and warned that "**[f]ailure to file a response will result in a recommendation that entry of default and default judgment be entered against these two Defendants.**"  *Id.* (emphasis in original).

In the present Motion [#121], Plaintiff correctly notes that default judgment is premature at this time because Plaintiff seeks joint and several liability against multiple defendants, and "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  *Motion* [#121] at 4 n.1 (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)).  Thus, at this

time, Plaintiff seeks the following sanctions due to the Vest Defendants' failure to provide written discovery responses and failure to meaningfully participate in this litigation since approximately December 2015: (1) an order "prohibit[ing] the Vest Defendants from introducing any evidence at trial in defense of Plaintiff's claims of violations of the Commodity Exchange Act or CFTC Regulations;" (2) striking the Vest Defendants' Answer and Affirmative Defenses [#77]; and (3) deeming all facts and allegations in the Amended Complaint [#38] admitted.[4] *Motion* [#121] at 2.

Plaintiff seeks these sanctions pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), which provides: "The Court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Rule 37(d)(3) provides in part that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Plaintiff seeks sanctions enumerated under Rule 37(b)(2)(A)(i)-(iii): (i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" (ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" and (iii) "striking pleadings in whole or in part." *Motion* [#121] at 2, 5.

The Court's discretion in fashioning an appropriate sanction under Rule 37(b)(2)(A) "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). The Tenth Circuit has identified five factors to be

[4] Plaintiff does not seek reimbursement for reasonable expenses such as attorney's fees. *See* Fed. R. Civ. P. 37(d)(3).

considered when adjudicating a request pursuant to Rule 37(b)(2): "(1) the degree of actual prejudice . . . ; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d. at 921. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Id.* at 920.

As noted above, Plaintiff does not seek default judgment against the Vest Defendants, but by asking the Court to strike their Answer and Affirmative Defenses [#77], it is apparent that the consequence of such an order would be equivalent to a dismissal of Defendants' defenses. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Guaranty Bank & Trust Co.*, No. 13-cv-00926-LTB-KLM, 2015 WL 920578, at *2 (D. Colo. Mar. 2, 2015). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct," because, "[i]n many cases, a lesser sanction will deter the errant party from further misconduct." *Ehrenhaus*, 965 F.2d at 920. "Particularly in cases in which a party appears *pro se*, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3.

The Vest Defendants have not participated in discovery since the action was filed. *See Aff. of Michael J. Davis* [#100-2] (describing the Vest Defendants' failure to respond to their counsel's communications to them regarding Plaintiff's discovery requests). They have failed to obey the Court's order to respond to the present Motion [#121] by August 26, 2016. *Minute Order* [#103]. Defendant Bulletproof Vest, Inc. has failed to obey the Court's order that new counsel must enter an appearance by August 15, 2016. *Minute Order* [#102]. The Vest Defendants have failed to comply with the Court's order that they must

provide updated mailing addresses no later than July 28, 2016. *See id.*; *see also* D.C.COLO.LCivR 5.1(c) (discussing the obligation of parties to provide updated contact information to the Court). This repeated inaction has resulted "in prejudice to Plaintiff in the form of delay, its inability to prepare its case, and ever-increasing attorney fees and costs, as well as creating substantial interference with the judicial process." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2015 WL 920578, at *2. There is no indication in the record that the relevant orders were not appropriately sent to the address on record for the Vest Defendants. The Vest Defendants have provided no justification for their failure to comply with Court orders or to participate in the discovery process at all. Thus, the Court finds that the Vest Defendants have wilfully failed to comply with direct Court orders.

The Vest Defendants were warned by the Court that failure to comply would result in sanctions. *See Minute Orders* [#102, #103]. Given their repeated unwillingness to comply with their obligations and participate in this lawsuit, the Court finds that lesser sanctions than those imposed here would likely be ineffective. The Vest Defendants' willful failure to comply, along with the explicit warnings that such failure would result in sanctions, warrants the imposition of these sanctions under Rule 37(b)(2)(A). Based on the circumstances presented here, the following sanctions are fair and appropriate given the Vest Defendants' failure to respond to their discovery obligations and their failure to participate in this litigation.

Accordingly, IT IS HEREBY **ORDERED** that the Motion [#121] is **GRANTED**, as outlined below:

(1) The Vest Defendants are prohibited from introducing any evidence at trial in defense of Plaintiff's claims of violations of the Commodity Exchange Act or CFTC Regulations;

(2) The Vest Defendants' Answer and Affirmative Defenses [#77] is stricken; and

(3) To the extent they apply to and impact Plaintiff's claims with respect to the Vest Defendants only, all facts and allegations in the Amended Complaint [#38] are deemed admitted. *Motion* [#121] at 2; Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2015 WL 920578, at *2 (holding pursuant to *Ehrenhaus*, 965 F.2d at 920-21, that striking a defendant's answer and affirmative defenses was an appropriate sanction under Rule 37(b) given the defendant's failure to participate in discovery or the litigation process); *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 140 (10th Cir. 1994) (affirming district court's decision to refuse to allow the defendant to present a certain defense because the defendant had repeatedly failed to participate in discovery).

Dated: January 11, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge