IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02182-MSK-KLM

US COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

R2 CAPITAL GROUP LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDALL A. VEST,

Defendants.

---

**ORDER**

---

**ENTERED BY UNITED STATES MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Attorneys' Fees and Costs** [#123][1] (the "Motion"). Defendants R2 Capital Group, LLC, Madigan Enterprises, Inc., and Ryan Madigan (collectively, the "Madigan Defendants") filed a Response [#125] in opposition to the Motion [#123]. Pursuant to Court Order, *see* [#114] at 2, no Reply was permitted. The Court has reviewed the relevant pleadings and the case file and is fully advised in the premises with respect to these issues. As explained in more detail below, the Motion [#123] is **GRANTED in part**, and the Court awards Plaintiff $31,812.35 in

[1] "[#123]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

attorneys' fees and costs pursuant to its Order [#114].

## I. Background

In brief, Plaintiff seeks attorneys' fees in the amount of $39,475.00 and costs in the amount $232.35 related to an oral Motion to Compel Responses by the Madigan Defendants [#114]. *Motion* [#123] at 11. In connection with the disputes addressed at the August 4, 2016 discovery hearing, Attorney Luke B. Marsh ("Marsh") avers that he spent 61.75 hours at a rate of $450 per hour, Attorney Sophia Siddiqui ("Siddiqui") avers that she spent 25.25 hours at a rate of $250 per hour, and Attorney Danielle E. Karst ("Karst") avers that she spent 20.50 hours at a rate of $250 per hour. *Id.* at 10.

The Madigan Defendants make no arguments regarding the hourly rates asserted or the amount of costs sought. *See Response* [#123] at 12 n.6 (noting that Plaintiff was seeking $232.35 in costs), 17 n.9 (disclaiming any dispute over Plaintiff's counsel's hourly rates). Instead, they contend that "Plaintiff has not met its burden to demonstrate that the time spent obtaining the disputed discovery was reasonably expended in light of the circumstances of this case." *Id.* at 8. Further, they state: "Specifically, Plaintiff should not have sought judicial intervention, given the clear indications that Madigan Defendants were attempting to produce what they reasonably could, together with the various agreements reached between the parties, which would have been sufficient to ensure that Madigan Defendants completed their responses." *Id.* Finally, they state that, "[m]oreover, Plaintiff's time-billing records do not meet the minimum standard necessary to support a finding of reasonableness, as they are vague, include fees which cannot be claimed under the Court's Order, and greatly overstate the number of hours required to do the work leading up to the August 4, 2016 hearing." *Id.* The Madigan Defendants therefore "propose that

approximately 37.5 hours in a more reasonable number" than the 108.5 hours claimed by Plaintiff. *Id.* at 25; *Motion* [#123] at 10.

## II. Standard

To determine a reasonable fee request, the Court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. *Homeward Bound, Inc. v. Hissom Mem'l Ctr.,* 963 F.2d 1352, 1355 (10th Cir. 1992). A party seeking an award of attorneys' fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

## III. Analysis

### A. Hourly Rate

Mr. Marsh seeks reimbursement of his fees at a rate of $450 per hour, and both Ms. Siddiqui and Ms. Karst seek reimbursement of their fees at a rate of $250 per hour. *Motion* [#123] at 10. Mr. Marsh has more than thirty years of experience as an attorney, Ms. Siddiqui has more than nine years of experience as an attorney, and Ms. Karst has more than fourteen years of experience as an attorney. *Id.* at 9.

Both implicit in any award of attorneys' fees and explicit in the award in the instant case is the requirement that the fees must be reasonable. *Transcript* [#119] at 15 ("The plaintiff will be awarded its *reasonable* attorney's fees and costs incurred in the course of

these last six months to attempt to obtain answers to its written discovery." (emphasis added)); *see Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (holding party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson*, 160 F.3d at 1281 (holding prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy their burden, Plaintiffs must produce "satisfactory evidence – in addition to the attorneys' own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Bangerter*, 61 F. 3d at 1510.

A survey of attorney fee rates approved by the Court in a variety of cases in recent years in the District of Colorado produces the following examples. In *Crapnell v. Dillon Companies., Inc.*, No. 14-cv-1713-KLM, 2015 WL 4484469, at *3 (D. Colo. July 22, 2015), the Court held in a personal injury case that $250 per hour was reasonable for an attorney with ten years of experience and that $200 per hour was reasonable for an attorney with

some degree of unspecified experience. In *Anderson v. Merit Energy Co.*, Nos. 07-cv-LTB-BNB, 07-cv-01025-REB-MJW, 2009 WL 3378526, at *4 (D. Colo. Oct. 20, 2009), the Court held in a complex class action regarding royalty underpayment that $700 per hour was reasonable for an attorney with thirty-one years of experience and that $400 per hour was reasonable for associates on the case. In *BIAX Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2013 WL 4051908, at *6-7 (D. Colo. Aug. 12, 2013), the Court held in a patent case that $740 per hour was reasonable for attorneys with eighteen years or more of experience. In *Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014), the Court held in a Fair Labor Standards Act ("FLSA") case that $280 per hour was reasonable for attorneys with seven years or more of experience. In *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL 4357486, at *4 (D. Colo. Sept. 3, 2014), the Court held in a FLSA case that $272.37 per hour was reasonable for an attorney with eight years of experience. In *Blocklin v. Black Pepper Pho, LLC*, No. 14-cv-01252-WJM-KLM, 2014 WL 6819894, at *4 (D. Colo. Dec. 3, 2014), the Court held in a FLSA case that $250 per hour was reasonable for an attorney with eight years of experience. In *Martinez v. Red's Towing*, No. 14-cv-00458-KLM, 2015 WL 4504775, at *2 (D. Colo. July 23, 2015), the Court held in a FLSA case that $300 per hour was reasonable for an attorney with thirteen years of experience and $250 per hour was reasonable for an attorney with eight years of experience. In *Eaton v. Broken Spoke Cycles, Inc.*, No. 14-cv-02898-WJM-KMT, 2015 WL 5281817, at *2 (D. Colo. Sept. 10, 2015), the Court held in a Truth in Lending Act and Colorado Consumer Credit Code case that $300 per hour was reasonable for a managing partner with four years of experience and that $250 per hour was reasonable for a senior associate with five years of experience.

In *Crew Tile Distribution, Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-cv-03206-WJM-KMT, 2015 WL 5608122, at *3 (D. Colo. Sept. 24, 2015), the Court held in a breach of contract action that $585 per hour was reasonable for a founding partner with thirty-seven years of experience, that $450 per hour was reasonable for another partner with nineteen years of experience, and that $250 per hour was reasonable for an associate with five years of experience. In *Nicholas v. Double J Disposal, Inc.*, No. 14-cv-01158-PAB-GPG, 2016 WL 559185, at *3-4 (D. Colo. Feb. 12, 2016), the Court held in a FLSA case that $300 per hour was reasonable for attorneys with eight or more years of experience. In *Carbajal v. Warner*, No. 10-cv-02862-PAB-KLM, 2016 WL 775524, at *2 (D. Colo. Feb. 29, 2016), the Court held in a civil rights action that $215 per hour and $180 per hour were reasonable for municipal attorneys with ten and eight years of experience, respectively.

Based on the foregoing authority, the undersigned's experience and judgment, and the Madigan Defendants' non-opposition, the Court holds that Plaintiff's requested hourly rates of $450 for Mr. Marsh and $250 for Ms. Siddiqui and Ms. Karst are reasonable for this type of case in the Denver legal market.

**B. Number of Hours**

Mr. Marsh seeks reimbursement for 61.75 hours of time on this matter, Ms. Siddiqui seeks reimbursement for 25.25 hours, and Ms. Karst seeks reimbursement for 20.50 hours. *Motion* [#123] at 10.

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4

(1987). It is Plaintiff's burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares*, 801 F.2d at 1210 (quotations omitted). "The Supreme Court, recognizing that not all hours expended in litigation are normally billed to a client, noted that an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Malloy*, 73 F.3d at 1018. Further, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . [h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original and citation omitted).

Hence, the Court has a "corresponding obligation to exclude hours 'not reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018. A court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id.* Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553.

In reaching a determination, the Court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's

time." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *Malloy*, 73 F.3d at 1018 (stating that "the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation'" (citation and internal quotation marks omitted)).

In addition, the Court "remains mindful of the admonition that its inherent power to sanction must be exercised with restraint and discretion, in order to ensure that any sanction is proportionate to the offending conduct." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *see also Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37-38 (D. Md. 2000) ("The court is given great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable."). In *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996), the Court of Appeals noted that "[t]he choice of sanctions should be guided by the 'concept of proportionality' between offense and sanction." *See also Hood v. R.R. Donnelley & Sons*, No. 13-CV-2055, 2013 WL 6508210, at *1 (C.D. Ill. Dec. 12, 2013) (stating that the sanction must be proportionate to the violation). Thus, sanctions should be proportionate to the circumstances surrounding the failure to comply with discovery. *Lynchval Sys., Inc. v. Chicago Consulting Actuaries*, Civ. A. No. 95 C 1490, 1996 WL 735586, at *8 (D. Colo. Dec. 19, 1996). The sanction "should reflect the culpability of the delaying party and seek to prevent prejudice to the other party." *Id.*

Proportionality of sanctions relates not only to the misconduct of the wrongdoing party, but also to the results achieved and the reasonableness of the efforts made by the party seeking sanctions. For example, in *Geiger v. Z-Ultimate Self Defense Studios, LLC*,

No. 14-cv-00240-REB-BNB, 2014 WL 6065612, at *7 (D. Colo. Nov. 12, 2014), the Court found "that the defendants have improperly and in bad faith destroyed and altered evidence, but the resulting prejudice to the plaintiffs is slight because either the information is available elsewhere or the probative value of the evidence is not great." The Court thus noted that "[c]onsequently, it is impossible to fashion a proportional evidentiary sanction that would accurately target the discovery violation," and that "[u]nder facts like these, courts impose monetary sanctions sufficient to deter future misconduct and to make clear that the destruction or alteration of evidence is not tolerated." Similarly, in *United States v. Philip Morris USA, Inc.*, 327 F. Supp. 2d 21, 26 (D.D.C. 2004), the Court held that monetary sanctions were particularly appropriate when there was insufficient information to fashion a proportional evidentiary sanction which could accurately target the discovery violation.

Here, the Court notes that Plaintiff's oral Motion to Compel was successful with respect to all three parts. However, it also appears that Plaintiffs at least in part needlessly complicated the dispute. *See, e.g.*, *Transcript* [#119] at 2-5, 11-12, 14. Thus, after a thorough review of the parties' briefs, Plaintiff's billing records (which the Court does not find to be unreasonably vague, as the Madigan Defendants suggest), the affidavits, the pleadings, and the Transcript [#119] of the August 4, 2016 hearing, the Court agrees with the Madigan Defendants that it would not be reasonable for the Court to award Plaintiff the entirety of the fees which purportedly relate to the oral Motion to Compel [#114].

As noted above, the Court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their

overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838; *Malloy*, 73 F.3d at 1018 ("the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation'" (citation and internal quotation marks omitted)). Based on the foregoing authority and on the undersigned's experience and judgment, Plaintiff is entitled to eighty percent of the fees they seek, i.e., $31,580 of the $39,475 in fees they seek. Thus, this results in an award of **$31,580** in total fees in connection with the oral Motion to Compel [#564].

Finally, Defendants have not contested Plaintiff's asserted transcript costs of $232.35 expended in connection with litigating the Motion to Compel. *See Motion* [#123] at 10. Given this non-opposition and the Court's independent conclusion that such costs are within the realm of reasonableness, Plaintiff is additionally awarded **$232.35** in costs.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#123] is **GRANTED in part**, as follows. **On or before February 10, 2017**, the Madigan Defendants shall tender **$31,812.35** to Plaintiff. This total is comprised of $31,530.00 in attorneys' fees and $232.35 in costs incurred in connection with the Motion to Compel [#114].

Dated: January 27, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge