**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02182-MSK-KLM

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

R2 CAPITAL GROUP, LLC;
RAST INVESTOR GROUP, LLC;
MADIGAN ENTERPRISES, INC.;
BULLETPROOF VEST, INC.;
RYAN TOMAZIN;
RYAN MADIGAN; and
RANDELL A. VEST,

    Defendants.

## MADIGAN DEFENDANTS' OBJECTIONS TO JANUARY 27, 2017 ORDER

Pursuant to Federal Rule of Civil Procedure 72(b), Defendants R2 Capital Group, LLC, Madigan Enterprises, Inc. and Ryan Madigan (collectively, "Madigan Defendants"), by and through undersigned counsel, object to the Magistrate Judge's Order of January 27, 2017 ("Order") (Doc. 135).[1] The Magistrate Judge erred in granting in part Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 123) by:

- Determining that Plaintiff was entitled to eighty percent of its claimed time, despite finding that Plaintiff needlessly complicated the dispute.

- Declining to reduce Plaintiff's time by the amount expended on unrelated tasks.

Accordingly, Madigan Defendants respectfully request that the Court amend the Order to further reduce the fee award.

---

[1] The Order compels Madigan Defendants to pay Plaintiff $31,812.35 on or before February 10, 2017. (Doc. 135.) Madigan Defendants, through undersigned counsel, are concurrently filing a Motion to Stay the January 27, 2017 Order pending consideration of the herein Objections.

## ARGUMENT

### 1. Legal Standard For Reviewing Order On Fees

Fed. R. Civ. P. 54(d)(2)(D) provides that a Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 72(b) provides that a "magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense" and "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). A party may object to the Magistrate Judge's recommendations within fourteen (14) days by serving and filing "specific written objections to the proposed findings and recommendations." *Id.* 72(b)(2).

A District Court Judge reviews *de novo* the parts of the Magistrate Judge's recommendations to which a party has properly objected. *Id.* 72(b)(3); *Jefferson County School District R-1 v. Elizabeth E. ex rel. Roxanne B.*, 862 F.Supp.2d 1138, 1140 (D. Colo. 2012). The District judge may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id. De novo* review requires the Court to "consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).[2]

---

[2] There appears to be an open question in this jurisdiction regarding whether an award of attorney fees arising from a motion to compel is dispositive and as such requires a report and recommendation subject to *de novo* review under Fed. R. Civ. P. 72(b) or is a nondispositive order subject to the clearly erroneous standard under Fed. R. Civ. P. 72(a). This Magistrate has stated the following with concern to this issue:
> An award of fees arising from a successful motion to compel is related to pretrial proceedings and is nondispositive, thus the Court issues an Order, not a Recommendation. *Cf. Estate of Conners v. O'Connor*, 6 F.3d 656, 658-59 (9th Cir. 1993) (magistrate judge lacked authority to enter order on post-judgment motion for attorney's fees); see also *Hanner*, 2012 WL 1415004 at *1 (order on motion for fees arising from a successful motion to compel).

*Trujillo v. Campbell*, 09-cv-03011 (D. Colo. May 21, 2012) *n.1.

### 2. Legal Standard For Determining Fee Award

In ruling on a fee application under Fed. R. Civ. P. 37(a)(5)(A), the Court applies its lodestar calculation, which is based on multiplying the attorney's reasonable hourly rate with the hours reasonably expended. *Ind v. Colorado Department of Corrections*, 09-cv-0537 (D. Colo. Dec. 2, 2014) (citing *Praseuth v. Rubbermaid, In*c., 406 F.3d 1245, 1257 (10th Cir. 2005)).

### 3. The Magistrate Judge Erred By Awarding Plaintiff Eighty Percent Of Its Claimed Time After Finding That Plaintiff Needlessly Complicated The Dispute.

Madigan Defendants argued in their Response to Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 125) that, prior to the August 4, 2016 hearing, they were making demonstrated progress toward meeting their discovery obligations (*id.* at 6, 10-11); that their counsel had spent an hour conferring by phone with Plaintiff's counsel on August 1, 2016 and had reached an agreement that covered every disputed discovery request (*id.*); and that the result Plaintiff achieved through the hearing was nominal if not counterproductive (*id.*). They further asserted that Plaintiff should not be awarded fees for its efforts to obtain Madigan Defendant's consent to

---

However, as that opinion acknowledged, the Ninth Circuit has come to a different conclusion, as have other courts in this Circuit. In *Estate of Conners by Meredith v. O'Connor*, the Ninth Circuit held that a motion for attorney fees and costs pursuant to 42 U.S.C. Sec. 1988 was not a nondispositive pretrial order that could be referred under 28 U.S.C. Sec. 636(b)(1)(A) and instead was a dispositive matter governed by section 636(b)(1)(B). 6 F.3d 656 (9th Cir. 1993). The District Court for the Northern District of Oklahoma also addressed the present question directly in *Henderson v. Horace Mann Ins. Co.*:

> The Court finds that HMIC's motion to strike (Dkt.# 208) should be denied. HMIC argues that the "non-dispositive matter of attorney fees ... is governed by Fed.R.Civ.P. 72(a) [,]" which does not allow the filing of responses. Dkt. # 208, at 1. Contrary to HMIC's assertion, however, Rule 72(a) does not govern the Court's referral of the motion for attorneys' fees. A final ruling on attorneys fees is dispositive, and that is precisely why the magistrate judge proceeded by Report and Recommendation under Rule 72(b). Further, Fed.R.Civ.P. 54(d)(2)(D) very clearly states that a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."

560 F.Supp.2d 1099, 1102-03 (N.D. Okla. 2008). On this authority, and with due respect to the Magistrate's prior statement, undersigned asserts that *de novo* review is the correct standard for review of the present Order. That the Motion was not referred to the Magistrate seeking a recommendation and that the Order was not issued as a Report and Recommendation should not be conclusive of this question. *See id.*

release Yahoo! email records, because Plaintiff was aware that it could not compel Madigan Defendants to provide consent to releasing the same under prevailing federal law. (*Id.* at 11).

The Magistrate Judge correctly determined that Plaintiff had unnecessarily complicated the issues prior to and during the hearing and determined that the Plaintiff was not entitled to the full amount of its requested fees and reduced the award by twenty percent. (Doc. 135 at 9.) However, the Court did not specifically address Madigan Defendant's arguments regarding the unreasonableness of the fees expended, and instead stated only:

> Thus, after a thorough review of the parties' briefs, Plaintiff's billing records (which the Court does not find to be unreasonably vague, as the Madigan Defendants suggest), the affidavits, the pleadings, and the Transcript [#119] of the August 4, 2016 hearing, the Court agrees with the Madigan Defendants that it would not be reasonable for the Court to award Plaintiff the entirety of the fees which purportedly relate to the oral Motion to Compel [#114].

(*Id.*) The Court also did not make specific findings regarding the determination of the twenty percent reduction, and instead stated only: "Based on the foregoing authority and on the undersigned's experience and judgment, Plaintiff is entitled to eighty percent of the fees they seek, i.e., $31,580 of the $39,475 in fees they seek." (*Id.* at 10.)

Madigan Defendants submitted a detailed brief discussing the history of the discovery dispute and their efforts to comply without judicial intervention. (Doc. 125.) The Magistrate's Order, while reducing Plaintiff's award by a significant amount, summarily dispensed with Madigan Defendant's arguments that the time billing records were overly vague despite a list of cases in this jurisdiction addressing block billing. (*Id.* at 12-1; Doc. 135 at 9.) Moreover, a twenty percent reduction is slight, given that Plaintiff's entire motion was unnecessary due to the conferral that took place on August 1, 2016. (Doc. 125 at 10-11.) *See, e.g., Lopez v. Suncor Energy (U.S.A.) Inc.,* 11-cv-00081 (D. Colo. Sept. 7, 2012) (reducing the amount of hours from 81.9 to 40 based on the reasonableness of time expended). Madigan Defendants respectfully request

that the Court review the findings and further reduce the award to account for Plaintiff's needlessly complicating the dispute and the additional arguments Madigan Defendants put forth regarding the history of the discovery dispute and efforts to comply.[3]

### 4. The Magistrate Judge Erred By Awarding Plaintiff A Percentage Of All Its Claimed Time, Rather Than Eliminating Unrelated Tasks From The Lodestar Calculation.

Madigan Defendants argued in their Response that Plaintiff's fee application included time not related to the discovery dispute. (Doc. 125 at 15-16.) During the telephonic hearing, the Court awarded Plaintiff "reasonable attorney's fees and costs incurred in the course of these last six months to attempt to obtain answers to its written discovery." (*Id.* at 15, citing Doc. 119 at 25:21-24.) However, as Madigan Defendants pointed out in their Response, Plaintiff's fee application improperly included time spent on clerical tasks related to compiling time records, as well as time for preparation of Plaintiff's response to Madigan Defendants' unrelated Motion for Clarification on the Court's August 4, 2016 Order. (*Id.* at 15-16.)

These records include the following entries:

Attorney Marsh's time-billing records

| Date | Timesheet Description | Original Time (Hr) | Requested Time (Hr) | Notes |
|---|---|---|---|---|
| 8/09/16 | research calculation of hours; fees for government employees; preparation of summary chart | 5.25 | 5.25 | |
| 08/11/16 | receipt and review of motion for clarification; receipt and review of transcript hearing; | 1.75 | 1.75 | |
| 08/12/16 | prepare and file response to motion for clarification | 2.25 | 2.25 | |

---

[3] As discussed at length in Madigan Defendant's Response, Plaintiff's time billing records create a dilemma in terms of calculating the proper amount of reduction, as Plaintiff employs block billing. While block billing is not per se unreasonable, it has formed the basis for a reduction or denial of a fee award. (Doc. 125 at 14-15.)

Attorney Karst's time-billing records

| 08/11/16 | Review Madigan Defendants' motion for clarification re Court's August 4, 2016 Order. Review transcript of August 4, 2016 telephonic discovery hearing re Madigan Defendants. Work on section of Attorney Affidavit in support of motion for attorney's fees and costs; review attorney resumes for same. | 5.75 | 1.25 | Time reduced due to possible redundant time billed. |
|---|---|---|---|---|
| 08/12/16 | Review and suggest edits to CFTC's response to Madigan Defendants' motion for clarification re Court's August 4, 2016 Order working with L. Marsh. Work with paralegal on preparing exhibits for upcoming motion for attorneys' fees. | 3.25 | 2.5 | Time reduced due to possible redundant time billed. |
| 08/15/16 | Review most recent timesheets and calculate hours billed for work on discovery dispute with Madigan Defendants; prepare and finalize summary sheet of same as support for motion for attorneys' fees. Review draft motion for attorneys' fees and suggest edits and citations for same. | 3.5 | 1.75 | Time reduced due to possible redundant time billed. |

The Magistrate Judge did not discount Plaintiff's attorney time or address Madigan Defendant's arguments on this issue. While a Court need not become a green-eyeshade accountant, its discretion in awarding fees is not unlimited. *Fox v. Vice*, 563 U.S. 826, 838

(2011). In ruling on a fee application, the Court must apply the correct standard. *Id.* The party requesting attorney fees has the burden to prove the reasonableness of each dollar and each hour requested. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986); *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). The Court has a corresponding obligation to reduce from the fee award any fees it determines not to have been reasonably expended. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996); *Praseuth*, 406 F.3d at 1257. Further, time spent on purely clerical tasks is not compensible. *Andalam v. Trizetto Group*, 12-cv-01679 (D. Colo. Nov. 7, 2013) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989)).

Plaintiff's fee award should be reduced by the time not reasonably expended obtaining discovery from the Madigan Defendants. Plaintiff's time spent amassing its time-billing records, preparing a summary chart and/or sheet, and working with a paralegal to prepare exhibits in non-compensable. *Id.* The time related to the motion for clarification was also not within the scope of the Court's award and therefore was not reasonably expended. Madigan Defendants respectfully request that the Court revise the fee award accordingly.[4]

## CONCLUSION

WHEREFORE, Madigan Defendants respectfully seek review of the January 27, 2017 Order based on the specific objections enumerated above.

Dated: February 10, 2017.                Respectfully submitted:
                                                                    *s/Michael J. Davis*
By: _____
Michael J. Davis
BKN Murray LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036

---

[4] As discussed at length in Madigan Defendant's Response, Plaintiff's time billing records create a dilemma in terms of calculating the proper amount of reduction, as Plaintiff employs block billing. While block billing is not per se unreasonable, it has formed the basis for a reduction or denial of a fee award. (Doc. 125 at 14-15).

F: (303) 758-5055
E: mdavis@bknmurray.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2017, a copy of the foregoing Objections to January 27, 2017 Order was filed and served electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Additionally, I hereby certify that on this February 10, 2017, service of the foregoing was made on the following Defendants via First-Class United States Postal Service Mail:

Pro Se Defendant Randell A. Vest
9613 Halyards Ct.
Fort Myers, FL 33919

Pro Se Defendant Bulletproof Vest, Inc.
9613 Halyards Ct.
Fort Myers, FL 33919

Dated: February 10, 2017.        Respectfully submitted:
                                 *s/Michael J. Davis*
                                 By: _____
                                 Michael J. Davis
                                 BKN Murray LLP
                                 6795 E. Tennessee Ave., Ste. 330
                                 Denver, CO 80224
                                 P: (720) 361-6036
                                 F: (303) 758-5055
                                 E: mdavis@bknmurray.com