IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 14-CV-02182-MSK-KLM

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

v.

R2 CAPITAL GROUP, LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDELL A. VEST,

        Defendants.

---

PLAINTIFF'S OPPOSITION TO MADIGAN DEFENDANTS'
MOTION TO STAY JANUARY 27, 2017 ORDER

---

Plaintiff United States Commodity Futures Trading  Commission ("CFTC") Opposes

Defendants R2 Capital Group, LLC's, Madigan Enterprises, Inc.'s, and Ryan Madigan's

(collectively, "Madigan Defendants") Motion to Stay Magistrate Judge's Order (#137), as follows:

A stay of a magistrate judge's discovery order should be granted sparingly.  *Granato v.

City & Cty. of Denver*, No. 11-CV-0-304-MSK-BNB, 2011 WL 1335854, at *2 (D. Colo. Apr. 7,

2011).  "Allowing such stays as a matter of course would encourage the filing of frivolous

objections and grind the magistrate judge system to a halt."  *Id., citing Litton Industries, Inc. v.

Lehman Bros. Kuhn Loeb, Inc.,* 124 F.R.D. 75, 79 (S.D.N.Y. 1989).

As the court noted in *Granato:*

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes.... Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

*Granato,* 2011 WL 1335854, at *2, *quoting National Excess Ins. v. Civerolo, Hansen & Wolf, P.A.,* 139 F.R.D. 401, 404 (D.N.M.1991).

This Court has adopted a four-part test for a stay pending resolution of an objection to a magistrate judge's order: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest." *Granato,* 2011 WL 1335854, at *2.

Applying the four factors above warrants the denial of the Motion to Stay:

(1) The likelihood of Defendants' success on appeal is low.  As established by the contemporaneously-filed Response to Madigan Objections, the Madigan Defendants have little chance of success on appeal.  They assert the wrong standard of review; they have a continuing history of discovery abuses in this case; and they defied the Court's June 6, 2016 Order in what the Court found:

> **"[T]he most egregious misconduct in terms of failure to respond to discovery that [the Court has] seen in [its] nine years on the bench.  [Madigan Defendants] simply don't want to comply."**

(#119 at 30:5-8) (Hon. Mag. Judge Kristin L. Mix, August 4, 2016 Discovery Hearing, emphasis supplied).

(2) There is no threat of irreparable harm if the stay is not granted.  While this factor may apply in situations, for example, where a party is forced to disclose arguably-privileged information or trade secrets, an attorney's fees award is not such an instance.  *See Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, No. 11-1132 RB/LFG, 2013 WL

2

12062962, at *2 (D.N.M. Mar. 22, 2013) (holding that attorney fee award is "not the type of case where failure to impose a stay 'could result in a serious, irreversible injury to the party seeking the stay,'" *quoting Granato* at *2).

Madigan Defendants assert that "as a practical matter, the obligation to pay these fees falls on Ryan Madigan," the only individual, non-entity Defendant sanctioned. (#137 at 3). As a practical matter, the obligation *should* fall on Ryan Madigan because he personally—or his attorneys—made the repeated decisions, over the course of several months, to violate the Court's discovery orders and engage in the conduct which led the Court to enter its January 27, 2017 Order awarding attorney's fees and costs. The non-entity defendants that were sanctioned are under Ryan Madigan's complete control—Defendant Madigan Enterprises is Ryan Madigan's holding company, and Defendant Ryan Madigan is the authorized corporate officer who has signed all discovery verifications on behalf of Defendants R2 Capital and Madigan Enterprises. See Exhibit A, attached hereto.

(3) Plaintiff acknowledges there is little risk of harm to the CFTC if the stay is granted;

(4) There is no risk of harm to the public interest if the stay is not granted.

Finally, the Madigan Defendants are currently in violation of the Magistrate Judge's January 27, 2017 Order that "[o]n or before February 10, 2017 the Madigan Defendants shall tender $31,812.35 to Plaintiff." (#135 at 10). The Madigan Defendants filing their Objections does not stay this Order. *See* D.C.COLO.LCivR 30.2(b). Further, that they filed their February 10, 2017 Motion to Stay at 10:39 p.m. MST on a Friday night—just minutes before the fees were required to be tendered—is of no moment since they knew the Court would not rule on the Motion to stay until the next week at the earliest, placing them in violation of the Magistrate Judge's Order. Despite having had two weeks to seek and obtain a stay, they waited to submit the Motion until the final 81 minutes on a Friday night. See Exhibit B, attached hereto. This tactic is

precisely the type of "[i]ll-considered 'strategic' objections to a magistrate judge's orders" which undermine the goal to "promote judicial efficiency and speedy resolution of pretrial disputes." *Granato*, 2011 WL 1335854, at *2.

III.

CONCLUSION

WHEREFORE, Plaintiff United States Commodity Futures Trading Commission respectfully requests that the Court deny the Madigan Defendants' Motion to Stay the Magistrate Judge's January 27, 2017 Order.

Date:  February 14, 2017            Respectfully submitted,


UNITED STATES COMMODITY
FUTURES TRADING COMMISSION

BY:  *s/Luke Marsh*
     LUKE B. MARSH
     Chief Trial Attorney
     DANIELLE KARST
     Senior Trial Attorney
     DANIEL GRIMM
     Trial Attorney
     Commodity Futures Trading Commission
     Division of Enforcement
     1155 21st Street, N.W.
     Washington, D.C. 20581
     Tel: (202) 418-5000
     Facsimile: (202) 418-5124
     lmarsh@cftc.gov
     dkarst@cftc.gov
     dgrimm@cftc.gov
     Counsel for Plaintiff
     U.S. Commodity Futures Trading Commission

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I caused a copy of the attached to be filed with

the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the

following counsel of record:

**Counsel for Defendants Ryan Tomazin and RAST
Investor Group, LLC**:

Richard J. Banta, Esq.
Law Office of Richard J. Banta, P.C.
3773 Cherry Creek North Drive
Denver, CO 80209
Ph:  (303) 331-3415
Fax:  (303) 331-1195
info@richardbantalaw.com

**Counsel for Defendants Madigan Enterprises, Inc.,
Ryan Madigan, Bulletproof Vest, Inc**.:

Michael J. Davis, Esq.
BKN Murray, LLP
6795 E. Tennessee Ave., Suite 330
Denver, CO  80224
Ph:  (303) 758-5100
Fax:  (303) 758-5055
mdavis@bknmurray.com

Additionally, I hereby certify that on February 14, 2017, service of the foregoing

Opposition was made on the following Defendants via First-Class United States Postal Service

Mail:

***Pro Se* Defendant Randell A. Vest**
9613 Halyards Ct.
Fort Myers, FL 33919

***Pro Se* Defendant Bulletproof Vest, Inc.**
9613 Halyards Ct.
Fort Myers, FL 33919

*s/ Luke Marsh*
Luke Marsh