IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 14-CV-02182-MSK-KLM

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

v.

R2 CAPITAL GROUP, LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDELL A. VEST,

        Defendants.

---

PLAINTIFF'S RESPONSE TO MADIGAN DEFENDANTS'
OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 27, 2017 ORDER

---

Plaintiff United States Commodity Futures Trading Commission ("CFTC") responds to Defendants R2 Capital Group, LLC's, Madigan Enterprises, Inc.'s, and Ryan Madigan's (collectively, "Madigan Defendants") "Objections to January 27, 2017 Order" (#138) as follows:

I.

INTRODUCTION

This civil enforcement action arises out of the Madigan Defendants' operation of a fraudulent investment scheme involving the futures and foreign exchange markets, in violation of the Commodity Exchange Act, defrauding investors out of millions of dollars. Accordingly, Plaintiff CFTC brought this against the Madigan Defendants, and others, for violations of the anti-fraud provisions of the Commodity Exchange Act, 7 U.S.C. §§ 1-26 (2012), and the

Commission's Regulations promulgated thereunder, 17 C.F.R. §§ 1.1-190.10 (2013). (#38)

The instant non-dispositive matter before the Court arises from:

> ***"[T]he most egregious misconduct in terms of failure to respond to discovery that [the Magistrate Judge has] seen in [her] nine years on the bench. [Madigan Defendants] simply don't want to comply."***

(#119 at 30:5-8) (Hon. Mag. Judge Kristin L. Mix, August 4, 2016 Discovery Hearing, emphasis supplied).

The above-quote from the Magistrate Judge stems from the Madigan Defendants' repeated and continued failure to comply with their discovery obligations in this case, and their continued violation of the Magistrate Judge's June 6, 2016 Order (#94) mandating that Defendants provide Responses to Plaintiff's Requests for Production of Documents no later than June 20, 2016. *See* Transcript of August 4, 2016 Discovery Hearing (#119), describing the factual background leading to the Magistrate Judge's Order awarding fees.

As set forth in Plaintiff's Motion for Attorney's Fees and Costs (#123), and as described in detail in the transcript of August 4, 2016 Discovery Hearing (#119), the Madigan Defendants' repeated discovery abuses led to the following:

(1) Plaintiff was forced to request three separate hearings to compel Defendants to comply with their basic discovery obligations—the final two requests asked Defendants to comply with the Court's June 6, 2016 Order;

(2) Plaintiff was required to expend significant time and resources over a period of nearly six months in an attempt to obtain Defendants' cooperation, or simply meet and confer, to resolve discovery disputes as required under the Federal Rules of Civil Procedure and Local Rule 7.1. This included preparing detailed letters explaining to Defendants their legal obligations to properly respond to discovery, preparing and sending countless emails, making telephone calls, and leaving

unreturned voice messages to Defendants, all of which were submitted to the Magistrate Judge in support of Plaintiff's three email submissions (#119 at 6-9, 13:3-18);

(3) Plaintiff prepared for and participated in two separate telephonic hearings to compel Defendants to satisfy their basic discovery obligations under the Federal Rules of Civil Procedure, and to comply with the Court's June 6, 2016 Order (#99, #119);

(4) Discovery was unnecessarily delayed by six months while attempting to obtain basic documents and interrogatory responses prior to commencing depositions (*Id.*);

(5) Plaintiff expended further time and resources to prepare its Motion for Attorneys' Fees and Costs, including retrieving, reviewing and calculating (and substantially reducing) timeslips, conducting legal research, and preparing the appropriate attorney affidavit in support of this Motion; and

(6) The Court granted Plaintiff's oral Motion for Fees and Costs, "awarded [Plaintiff] its reasonable attorney fees and costs incurred in the course of these last six months to attempt to obtain answers to its written discovery" (#119 at 25:21-24), and directed Plaintiff to submit a written motion for fees and costs in compliance with D.C.COLO.LCivR 54.3 (#114).

Therefore, the Madigan Defendants' Objections should be overruled because the Magistrate Judge's January 27, 2017 Order (#135) was appropriate, was not clearly erroneous, and is fully supported by the law and facts surrounding the Madigan Defendants' history of discovery abuses in this case.

II.

ARGUMENT

The Madigan Defendants' Objections should be overruled because the Magistrate Judge's Order is appropriate and supported by the law and history of Madigan Defendants' repeated discovery abuses. Madigan Defendants incorrectly seek to impose a de novo standard of review

to the Magistrate Judge's Order, when the correct standard of review of this non-dispositive matter is "clearly erroneous" pursuant to Fed. R. Civ. P. 72(a). Further, even if the Court were to review this matter de novo, the Magistrate Judge's Order should be upheld because the Madigan Defendants have continued to engage in *new improper conduct after the Magistrate Judge entered the Order* Awarding Attorney's fees in August 2016. (#114)

### A. The Proper Standard of Review is Clearly Erroneous Under Rule 72(a)

Contrary to the Defendants' contentions, the standard of review for this non-dispositive pre-trial discovery issue is "clearly erroneous or contrary to law" under Fed. R. Civ. P. 72(a). Under Rule 72(a), Orders on non-dispositive pre-trial matters referred to a magistrate judge are reviewed by the district judge under a "clearly erroneous standard." *Doe v. McAfee*, No. 13-CV-01287-MSK-MJW, 2015 WL 4324547, at *7 (D. Colo. July 16, 2015). The Court's August 14, 2014 Order of Referral empowered the Magistrate Judge to "enter such orders as appropriate to enforce the Scheduling Order, and resolve discovery matters." (#23). Therefore, the Magistrate Judge's January 27, 2017 Order awarding attorney's fees concerns a *non-dispositive pre-trial motion to compel.*[1] An award of fees arising from a successful motion to compel is related to *pretrial* proceedings and is non-dispositive, thus the magistrate judge issues an Order pursuant to Fed. R. Civ. P. 72(a), and *not* a Recommendation pursuant to Rule 72(b). *Trujillo v. Campbell*, No. 09-CV-03011-CMA-KLM, 2012 WL 1835245, at *3 n.1 (D. Colo. May 21, 2012).

---

[1] In the District of Colorado, "dispositive motions" do *not* include pre-trial discovery matters referred to the magistrate judge. Instead, in this district (and likely all district courts in the United States), "dispositive Motions" are defined as "motions to amend, to dismiss, for transfer or for change of venue, to remand, for summary judgment, and for partial summary judgment." D.C.COLO.LCivR 72.3

The Madigan Defendants inappropriately rely on Rules and case law that only concern attorney fees related to dispositive, post-trial judgments. For example, Fed. R. Civ. P. 54 concerns attorney fees awarded after final judgment, and does not apply to the Magistrate Judge's pre-trial non-dispositive Order. In addition, Rule 54(d)(2)(E) specifically excludes the Rule's application to claims for fees awarded as sanctions, such as this.

Likewise, *Estate of Conners v. O'Connor,* 6 F.3d 656, 658–59 (9th Cir.1993), cited by the Madigan Defendants, concerns a post-judgment motion for attorney's fees, which is inapplicable to the instant pre-trial Order. Madigan's reliance on *Henderson v. Horace Mann Ins. Co.*, 560 F. Supp. 2d 1099, 1101–02 (N.D. Okla. 2008), is also misplaced—that case involved objections to a magistrate judge's award of attorney fees following *final judgment*, applying Oklahoma state law allowing for fees following the entry of final judgment.

Therefore, in considering the objections to the Magistrate Judge's Order, the Court should apply the "clearly erroneous" standard set forth for nondispositive matters in Rule 72(a), and not the de novo standard set forth for dispositive motions in Rule 72(b).

B. <u>The Order Was Appropriate Under The Applicable Clearly Erroneous Standard</u>

The Order was appropriate under the applicable clearly erroneous standard, or any standard. As established above, the Magistrate Judge's ruling on the discovery motion relating to non-dispositive matters is reviewed by this Court under Fed. R. Civ. P. 72(a). *Doe v. McAfee*, No. 13-CV-01287-MSK-MJW, 2015 WL 4324547, at *7 (D. Colo. July 16, 2015). Therefore, the Magistrate Judge's Order will be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.,* 167 F.R.D. 131, 133 (D. Colo. 1996).

Accordingly, the Madigan Defendants' Objections should be overruled unless the Court finds that the Magistrate Judge abused her discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza,* 167 F.R.D. at 133, *citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988). Here, the Madigan Defendants' Objections fail to cite to any mistake of law or fact by the Magistrate Judge—instead, they have merely reargued their original unsuccessful Opposition and ask the Court to second guess the Magistrate Judge's determination of the reasonableness of the number of hours billed.

Further, as established in Plaintiff's Motion for Attorney's Fees and Costs (#123), the number of hours expended by Plaintiff's counsel was reasonable, "in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering." *Grady v. Swisher*, No. 11-CV-02880-WYD-KLM, 2014 WL 3562794, at *17 (D. Colo. July 18, 2014). The Madigan Defendants' inappropriate maneuvering and tactics forced Plaintiff, over the course of six months, to submit three motions, prepare for and argue at two separate hearings, and provide Defendants with several detailed legal analyses before Defendants finally began to comply with their discovery obligations. In fact, Plaintiff's second and third emailed oral motions to compel would not have been necessary but for Defendants' failure to comply with the Court's June 6, 2016 Order, which held discovery sanctions in abeyance to provide Defendants with one final chance to comply with their discovery obligations under the Federal Rules. *See* Reporter's Transcript of June 6, 2016 Telephonic Discovery Hearing (#99 at 12-13).

It is little wonder that the Magistrate Judge found Defendants' conduct "the most egregious" she has seen in nearly a decade on the bench, including what "amounts to, in [the Court's] view, what could be viewed as spoliation. . . . This could have been characterized as a spoliation-related request." (#119 at 27:6-14, 30:5-8 )

Moreover, it is undisputed that Plaintiff's counsel was forced to waste significant time and resources over the course of six months in attempting to meet and confer with Defendants, sending emails, leaving telephone messages and voicemails that were either unreturned or responded to with Defendants' promises of compliance which were not fulfilled. In fact, defense counsel admitted they had not "allocate[ed] . . . resources" to respond to the discovery requests, and conceded that it was not until the last several weeks before the August 4, 2016 hearing on the oral motion to compel that their law firm had "an associate that is . . . dedicated to deal with this matter." (#119 at 17).

Finally, as established by declaration of Plaintiff's counsel in support of the Motion for Fees (#123-1), Plaintiff made a good faith effort to exclude hours or costs that represented a "potential duplication of services." *Grady*, 2014 WL 3562794, at *17. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *DeVaul v. TK Mining Servs. L.L.C.*, No. 13-CV-02632-PAB-KMT, 2014 WL 3861111, at *1–2 (D. Colo. Aug. 6, 2014), citing *Anchondo v. Anderson, Crenshaw & Assocs, L.L.C.,* 616 F.3d 1098, 1105 n.6 (10th Cir. 2010) (finding that attorneys' records "reflect[ed] efficient cooperation, rather than redundancy").

As to the Madigan Defendants' challenge of the award including fees for preparation of the Motion for Fees, it is well settled that an award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.,* 157 F.3d 1243, 1254 (10th Cir. 1998).

Therefore, the Madigan Defendants' Objections should be overruled.

### C. The Order Was Appropriate Even Under A De Novo Standard

Under Rule 72(b)'s de novo standard, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 73(b)(3). As set forth in the January 27, 2017 Order, it is often "impossible to fashion a proportional evidentiary sanction that would accurately target the discovery violation," such that "courts impose monetary sanctions to deter future misconduct." (#135 at 9), *quoting Geiger v. Z-Ultimate Self Defense Studios, LLC*, No.14-cv-00240-REB-BNB, 2014 WL 6065612, at *7 (D. Colo. Nov. 12, 2014).

Even if the Court were to apply the de novo standard of review advanced by the Madigan Defendants, the objections should be overruled because there is overwhelming evidence of Madigan Defendant's non-compliance, as established above. Additionally, the Madigan Defendants have continued to engage in inappropriate discovery tactics while displaying a conscious disregard for the Magistrate Judge's Orders. In fact, the existing monetary sanctions have not deterred Madigan Defendants' continued misconduct, as established by the following further evidence:

Included in the Magistrate Judge's August 4, 2016 Order on Plaintiff's oral motion to compel was the Order that Madigan Defendants provide emails from Defendant Ryan Madigan's Yahoo account and, if necessary, that Defendant Ryan Madigan execute a consent allowing Yahoo to disclose the emails from that account no later than August 31, 2016. (#114). On October 13, 2016, Plaintiff's counsel asked for a copy of the emails that were to have been obtained and/or disclosed from Yahoo. On October 20, 2016, Counsel for Madigan Defendants represented that three weeks earlier Yahoo had informed them that Yahoo would not respond to a request for documents without a subpoena, and that "we subsequently issued a subpoena to [Yahoo] and await their response." Plaintiff's counsel immediately requested a copy of this

purported subpoena, which the Madigan Defendants had failed to serve on all counsel pursuant to Fed. R. Civ. P. 45(a)(4). See Attached Affidavit of Luke Marsh, Exhibit A.

Counsel for Madigan Defendants did not respond to Plaintiff's request for a copy of the subpoena until the next day, October 21, 2016, at which point they admitted that there never was any subpoena, and that they would finally be issuing a subpoena to Yahoo that day. *Id.*[2]

At best, these tactics by the Madigan Defendants demonstrate a continued reckless disregard for the seriousness of the Magistrate Judge's discovery and sanctions Orders in this case.

Further, the Madigan Defendants have continued to engage in other obstructive and inappropriate discovery tactics in this case. For example, on November 20, 2016, the Madigan Defendants propounded Interrogatories and Requests for Production of Documents on their co-defendants, Defendants RAST Investor Group and Ryan Tomazin, but did not serve Plaintiff with a copy of these discovery requests. See Marsh Affidavit. The Madigan Defendants also have continued to fail to honor their promises relating to discovery. On January 6, 2016, the last day of discovery, the parties agreed to simultaneously exchange supplemental discovery responses on January 27, 2017. Pursuant to this agreement, Plaintiff's counsel provided detailed supplemental responses on January 27, 2017 as promised. However, consistent with their previous conduct in this litigation, counsel for Madigan Defendants failed to keep their word, did not provide the

---

[2] Yahoo responded to the subpoena on November 2, 2016, indicating that Ryan Madigan's email address is not valid "at this time." Madigan Defendants did not inform Plaintiffs of this response until almost a month later on November 29, 2016, and only after Plaintiff's requested the status of the Yahoo subpoena. Marsh Affidavit, Ex. C. It remains unknown whether the Defendant Ryan Madigan's Yahoo emails could have been retrieved had Defendants properly responded to the original Request for Production Documents served over a year ago on February 5, 2016.

supplemental responses as promised, and eventually produced responses a few days later. *Id.*[3]

While each of these instances, individually, may not rise to the level of sanctionable conduct, collectively they demonstrate a troubling disregard for the discovery process and the Federal Rules of Civil Procedure, especially on the heels of the Magistrate Judge's Order finding that their conduct was the "***most egregious misconduct in terms of failure to respond to discovery***" that the Magistrate Judge has ever seen while on the bench. (#119 at 30:5-8).

Plaintiff also notes that, from the beginning, the Madigan Defendants have repeatedly violated the Magistrate Judge's Orders in this case. For example, on January 16, 2016, the Magistrate Judge ordered Defendant Madigan Enterprises—which had failed to serve its Rule 26(a)(1) Initial Disclosures due earlier that month—to serve its Initial Disclosures no later than February 9, 2016 (#87, para. 6.c.). Madigan Enterprises violated that Order for almost a month until March 8, 2016 when, after repeated telephone calls from Plaintiff's counsel, Madigan Enterprises finally complied with the Magistrate's Order. Marsh Affidavit.

Next, for weeks during June and July 2016, the Madigan Defendants violated the Magistrate Judge's June 6, 2016 Order (#94), leading to the sanctions Order which Madigan Defendants now challenge.

Finally, the Madigan Defendants are currently in violation of the Magistrate Judge's January 27, 2017 Order that "[o]n or before February 10, 2017 the Madigan Defendants shall

---

[3] Defendants' history of delay tactics is exemplified in a July 29, 2016 email from Plaintiff's counsel to counsel for Madigan Defendants, stating: "we are concerned that this may be a delay tactic, given that in just the two weeks you have been communicating with us you have at least twice represented that your office would contact us, but then did not—resulting in more delays in resolving this matter. (e.g., your July 19 and July 21 emails). Further, as outlined in our submissions to the Court, Mike [Davis] has made similar "meet and confer" commitments, which he failed to fulfill, resulting in further delays. (e.g., Mike's June 28 telephonic representation; Mike's July 8 email)." Marsh Affidavit, Ex. B.

tender $31,812.35 to Plaintiff." (#135 at 10). The Madigan Defendants filing their Objections does not stay this Order. *See* D.C.COLO.LCivR 30.2(b). Further, that they filed their February 10, 2017 Motion to Stay at 10:39 p.m. MST on a Friday night—just minutes before the fees were required to be tendered—is of no moment since they knew the Court would not rule on the Motion to stay until the next week at the earliest, placing them in violation of the Magistrate Judge's Order. Despite having had two weeks to seek and obtain a stay, they waited to submit the Motion until the final 81 minutes on a Friday night. Marsh Affidavit, Ex. D. This tactic is precisely the type of "[i]ll-considered 'strategic' objections to a magistrate judge's orders" which undermine the goal to "promote judicial efficiency and speedy resolution of pretrial disputes." *Granato*, 2011 WL 1335854, at *2.

Accordingly, if the Court were to apply the de novo standard of review, advocated by Madigan Defendants, to the Magistrate Judge's Order, Plaintiff respectfully requests that the Court consider this additional evidence when considering this matter.

III.

CONCLUSION

WHEREFORE, Plaintiff United States Commodity Futures Trading Commission respectfully request that the Court overrule the Madigan Defendants' objections to the January 27, 2107 Order.

Date:  February 14, 2017

          Respectfully submitted,

          UNITED STATES COMMODITY
          FUTURES TRADING COMMISSION

          BY:  *s/Luke Marsh*
            LUKE B. MARSH
            Chief Trial Attorney
            DANIELLE KARST
            Senior Trial Attorney
            DANIEL GRIMM
            Trial Attorney
            Commodity Futures Trading Commission
            Division of Enforcement
            1155 21st Street, N.W.
            Washington, D.C. 20581
            Tel: (202) 418-5000
            Facsimile: (202) 418-5124
            lmarsh@cftc.gov
            dkrarst@cftc.gov
            dgrimm@cftc.gov
            Counsel for Plaintiff
            U.S. Commodity Futures Trading Commission

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I caused a copy of the attached to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

**Counsel for Defendants Ryan Tomazin and RAST Investor Group, LLC**:

Richard J. Banta, Esq.
Law Office of Richard J. Banta, P.C.
3773 Cherry Creek North Drive
Denver, CO 80209
Ph:  (303) 331-3415
Fax:  (303) 331-1195
info@richardbantalaw.com

**Counsel for Defendants Madigan Enterprises, Inc., Ryan Madigan, Bulletproof Vest, Inc**.:

Michael J. Davis, Esq.
BKN Murray, LLP
6795 E. Tennessee Ave., Suite 330
Denver, CO  80224
Ph:  (303) 758-5100
Fax:  (303) 758-5055
mdavis@bknmurray.com

Additionally, I hereby certify that on February 14, 2017, service of the foregoing Motion was made on the following Defendants via First-Class United States Postal Service Mail:

*Pro Se* **Defendant Randell A. Vest**
9613 Halyards Ct.
Fort Myers, FL 33919

*Pro Se* **Defendant Bulletproof Vest, Inc.**
9613 Halyards Ct.
Fort Myers, FL 33919

                                                *s/ Luke Marsh*
                                                Luke Marsh