# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02182-MSK-KLM

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

R2 CAPITAL GROUP, LLC;
RAST INVESTOR GROUP, LLC;
MADIGAN ENTERPRISES, INC.;
BULLETPROOF VEST, INC.;
RYAN TOMAZIN;
RYAN MADIGAN; and
RANDELL A. VEST,

    Defendants.

## RYAN MADIGAN, MADIGAN ENTERPRISES, INC., AND R2 CAPITAL GROUP, LLC'S MOTION FOR LEAVE TO FILE SURREPLY REGARDING MOTION FOR ENTRY OF CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST RYAN TOMAZIN AND RAST INVESTOR GROUP, LLC

    Defendants Ryan Madigan, Madigan Enterprises, and R2 Capital Group, LLC (collectively, "Madigan Defendants"), by and through undersigned counsel, file this Motion for Leave to File Surreply Regarding Motion for Entry of Consent Order of Permanent Injunction and Other Relief Against Ryan Tomazin and RAST Investor Group, LLC. Contemporaneously herewith, Madigan Defendants file a Surreply. As support for this Motion, Madigan Defendants state as follows:

    1.    Counsel for Madigan Defendants conferred with Plaintiff and Ryan Tomazin and RAST Investor Group (together, "Tomazin Defendants") regarding the requested relief and the

basis therefore by email on February 20, 2017. Tomazin Defendants responded through counsel that they have no position on the requested relief. Counsel for Plaintiff did not respond.

2. Surreply allows a non-moving party the opportunity to respond to new materials or new legal arguments raised for the first time in the movant's reply. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

3. Plaintiff and Tomazin Defendants filed their Motion seeking entry of a Consent Order, which they attached as a proposed order to their Motion, on January 19, 2017. Motion (#134). As their only argument for their Motion, Plaintiff and Tomazin Defendants asserted that

> The proposed Consent Order has no impact on the remaining Madigan Defendants because it does not refer to the Madigan Defendants' conduct, and it contains the following language: "The Findings and Conclusions in this Consent Order are not binding on any other party to this action. Nothing in the Findings and Conclusions in this Consent Order may be used to establish, reduce, increase, eliminate or in any way affect the liability of any of the remaining Defendants in this action who are not parties to this Consent Order." Attached proposed Consent Order, Paragraph 17. The entry of the proposed Consent Order will lead to a partial resolution of this matter as to the Tomazin Defendants, without affecting the liability of the remaining non-settling defendants. Therefore the proposed Consent Order is consistent with, and will lead to, "the just, speedy, and inexpensive determination" of this action, in accordance with Fed. R. Civ. P. 1.

Motion (#134) at 3 (formatting changed from original).

4. Madigan Defendants filed a timely Response in opposition to entry of the consent order on February 6, 2017. Response (#136). In it, Madigan Defendants objected that entry of the proposed Consent Order would be prejudicial, on the basis that it contained numerous statements that imposed liability on the Madigan Defendants. *Id.* Due to a Consent Order having the same operation and effect as any other judicial order or act, Madigan Defendants asserted that the language contained in the proposed Consent Order would restrict their available

defenses. *Id.* Moreover, Madigan Defendants asserted that the language was not necessary, even if it affirmed the liability of the settling parties. *Id.*

5. Plaintiff alone filed a Reply Brief. Reply (#143). In it, Plaintiff for the first time argued that Madigan Defendants were restricted from objecting to statements in the Consent Order because they had admitted those statements (or some of them) in their respective Answers. *Id.* Plaintiff also argued for the first time that courts interpret Consent Orders using contract principles—authority for its earlier argument that the express terms of the Consent Order protect Madigan Defendants from incurring liability as a result of its entry. *Id.* Finally, Plaintiff argued for the first time that policy interests favor entry of the Consent Order as written. *Id.*

6. The original Motion left out all of these arguments, leaving Madigan Defendants without a sufficient opportunity to respond. Consequently the Court should permit the Madigan Defendants to file a Surreply. *See Green*, 420 F.3d at 1196. Madigan Defendants' Surreply does not re-argue anything but merely addresses these new arguments, which it would have addressed in its Response had Plaintiff raised them in its original Motion.

## CONCLUSION

Based on the foregoing, Madigan Defendants respectfully request that the Court permit them to file a Surreply Regarding Motion for Entry of Consent Order of Permanent Injunction and Other Relief Against Ryan Tomazin and RAST Investor Group, LLC.

Dated: March 3, 2017.　　　　　　　　Respectfully submitted:
　　　　　　　　　　　　　　　　　　　　*s/Michael J. Davis*
　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　　　　　BKN Murray, LLP
　　　　　　　　　　　　　　　　　　6795 E. Tennessee Ave., Ste. 330
　　　　　　　　　　　　　　　　　　Denver, CO 80224

P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2017, a copy of the foregoing Ryan Madigan, Madigan Enterprises, Inc., and R2 Capital Group, LLC's Motion For Leave To File Surreply Regarding Motion For Entry Of Consent Order Of Permanent Injunction And Other Relief Against Ryan Tomazin And RAST Investor Group, LLC was filed and served electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Additionally, I hereby certify that on this March 3, 2017, service of the foregoing was made on the following Defendants via First-Class United States Postal Service Mail:

Pro Se Defendant Randell A. Vest
9613 Halyards Ct.
Fort Myers, FL 33919

Pro Se Defendant Bulletproof Vest, Inc.
9613 Halyards Ct.
Fort Myers, FL 33919

Dated: March 3, 2017.                    Respectfully submitted:
                                                                   *s/Michael J. Davis*
                                        By: _____
Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com