**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02182-MSK-KLM

U.S. COMMODITY FUTURES TRADING COMMISSION,

      Plaintiff,

v.

R2 CAPITAL GROUP, LLC;
RAST INVESTOR GROUP, LLC;
MADIGAN ENTERPRISES, INC.;
BULLETPROOF VEST, INC.;
RYAN TOMAZIN;
RYAN MADIGAN; and
RANDELL A. VEST,

      Defendants.

**RYAN MADIGAN, MADIGAN ENTERPRISES, INC., AND R2 CAPITAL GROUP, LLC'S SURREPLY REGARDING ENTRY OF CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST RYAN TOMAZIN AND RAST INVESTOR GROUP, LLC**

Defendants Ryan Madigan, Madigan Enterprises, and R2 Capital Group, LLC

(collectively, "Madigan Defendants"), by and through undersigned counsel, file this Surreply to

address new arguments raised in Plaintiff's Reply to Opposition to Joint Motion for Entry of

Consent Order of Permanent Injunction and Other Relief ("Reply") (#143).

**ARGUMENT**

    *A.  Madigan Defendants Did Not Waive Their Present Opposition By Prior Admission.*

Madigan Defendants did not waive their claim of prejudice by admitting certain statements in their Answers.  A close review of the Reply reveals that the admissions do not in fact relate to each offending statement, as described below:

**Section 2(i):**  Plaintiff confuses operating and/or controlling an entity with taking certain actions—especially actions in violation of federal law—on its behalf.  Madigan Defendants have never admitted that Tomazin Defendants took actions on behalf of R2 Capital.

**Section 2(ii):**  Plaintiff confuses Madigan's statement of partial ownership with admitting control.  Ryan Madigan and Madigan Enterprises, Inc. have denied that they controlled R2 Capital.  Ans. Am. Compl. (#76) ¶ 20.

**Section 2(iii) and 2(iv):**  Plaintiff confuses admissions by R2 Capital that it traded futures and other security products and acted as a Commodity Pool Operator as admissions by all Madigan Defendants.  Moreover, the use of the term Commodity Pool in the Answer does not equate to admission of the legal definition under the Act and regulations.

**Section 2(v):** Plaintiff confuses R2 Capital registering as a Commodity Pool Operator in 2013 with R2 Commercial—a Limited Partnership for which R2 Capital was the general partner—being a commodity pool.  If R2 Capital operated other funds, which it did, the registration would not necessarily have been because of R2 Commercial.

**Section 2(vi):** Plaintiff confuses recitation of a provision of an act governing jurisdiction with application of that provision.  Madigan Defendants have never admitted that Plaintiff has jurisdiction over the conduct and transactions at issue.

Moreover, Plaintiff's waiver argument does not address the majority of the offending statements, despite Plaintiff's incorrect statement that Madigan Defendants have previously

admitted "nearly every so-called 'offending statement'." *See* Reply at 4.  Plaintiff does not list a corresponding admission for any of the following statements:

1. Defendants Tomazin and RAST were acting within the scope of their employment, office, and/or agency when they violated the Act and its accompanying regulations;

2. Tomazin and Madigan handled R2 Capital's day-to-day operations;

3. R2 Capital comingled investor funds by transferring those funds into the personal bank accounts of Tomazin, Madigan, and Vest and their companies;

4. R2 Capital "employed a device, scheme or artifice to defraud" investors or potential investors;

5. R2 Capital violated Commodity Futures Trading Commission Regulation 4.20(c), 17 C.F.R. § 4.20(c)

6. General references to "Defendants";

7. Numerous references to R2 Commercial Capital Partners I L.P. as the "Commercial Pool" or a "commodity pool" or "pool";

8. Tomazin Defendants admit that certain statements were "material";

9. Tomazin Defendants agree not to "take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order . . . provided, however, that nothing in this provisions shall affect Defendants Tomazin and RAST's: (a) testimonial obligations"; and

10. Tomazin Defendants admit to all of the Findings of Fact in this Consent Order and all of the allegations in the Complaint.

Plaintiff doubles-down on its misleading assertion that Madigan Defendants have admitted nearly all of the disputed statements when it incorrectly asserts that Madigan Defendants "have already 'restricted their available defenses in the underlying action'."  Reply at

9.  Plaintiff's attempt to distinguish the holding in *Phelps-Roper v. Heineman*, 710 F. Supp. 2d 890 (D. Neb. 2010), misconstrues the clear message from that case that a Court's entry of a Consent Order may have a prejudicial effect on third parties.[1]  Not only have Madigan Defendants not already admitted to the statements in dispute; but as Madigan Defendants argued in their Response brief, *Phelps-Roper* stands for the proposition that entry of a Consent Order may have the effect of admission by judicial determination.

### B.  Consent Orders Are Not Simply Contracts; Nor Does The Disclaimer Cover All Disputed Statements.

While ordinary contract principles may govern a court's interpretation of a Consent Order's terms, Consent Orders are not simply contracts.  In *United States v. ITT Continental Baking Co.*, the Supreme Court noted that "[c]onsent decrees and orders have attributes both of contracts and of judicial decrees...."  420 U.S. 223, 236 n. 10 (1975).  Thus, "consent decrees are treated as contracts for some purposes but not for others."  *Id*.  In fact, the existence of cases discussing the effects of consent decrees on third parties demonstrates that their interpretation— and moreover their entry by a court—is governed by more considerations than basic contract principles.  *See* Response at 2-3, 6-7 (discussing third party considerations).

A number of the offending statements also fall outside the Findings of Fact and Conclusion of Law sections supposedly excepted from application to Madigan Defendants by the disclaimer in paragraph 17, including (1) a general reference to "Defendants" (plural); (2) multiple references to R2 Commercial Capital Partners I L.P. as the "Commercial Pool" or a "commodity pool" or "pool"; (3) admission of Plaintiff's jurisdiction; (4) agreement not to make

---

[1] Plaintiff's attempt to distinguish a list of other cases on the basis that they all arise from Title VII litigation is similarly unavailing.  The policy behind the entry of the Consent Order does not change depending on the type of case, and the cases do not support a different proposition.

any public statements denying the Consent Order apart from certain obligations; and (5) a statement admitting to all of the findings of fact in the Consent Order and allegations in the complaint.  Motion Ex. A ¶¶ 5, 10, 11, 62, 64-65, 67-71, 82.

### C.  Madigan Defendants' Interests Override Plaintiff's Claimed Policy Interest.

Finally, Plaintiff's policy arguments favoring entry of the Proposed Consent Order "as written" should not override Madigan Defendant's well-founded concerns.  Plaintiff makes no argument as to why changing or removing the offending language would undercut any of its enforcement prerogatives.  Madigan Defendants have not raised any complaints regarding the terms of the restitution or penalties under the Proposed Consent Order.  Plaintiff cites a number of cases for the principle of deference to settlements negotiated by agencies; however, none of these cases assess the impact of negotiated language on non-settling parties.  As there is no requirement for the entry of the Consent Order that settling parties admit to liability, any ambiguity should be resolved conservatively in favor of Madigan Defendant's concerns.

## CONCLUSION

Based on the foregoing, Madigan Defendants respectfully urge the Court to deny the motion to enter the Proposed Consent Order and order what further relief it deems proper.

Dated: March 3, 2017.

Respectfully submitted:

*s/Michael J. Davis*

By: _____

Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2017, a copy of the foregoing Ryan Madigan, Madigan Enterprises, Inc., And R2 Capital Group, LLC's Surreply Regarding Entry Of Consent Order Of Permanent Injunction And Other Relief Against Ryan Tomazin And RAST Investor Group, LLC was filed and served electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Additionally, I hereby certify that on this March 3, 2017, service of the foregoing was made on the following Defendants via First-Class United States Postal Service Mail:

Pro Se Defendant Randell A. Vest
9613 Halyards Ct.
Fort Myers, FL 33919

Pro Se Defendant Bulletproof Vest, Inc.
9613 Halyards Ct.
Fort Myers, FL 33919

Dated: March 3, 2017.        Respectfully submitted:
                                    *s/Michael J. Davis*
                             By: _____
                             Michael J. Davis
                             BKN Murray, LLP
                             6795 E. Tennessee Ave., Ste. 330
                             Denver, CO 80224
                             P: (720) 361-6036
                             F: (303) 758-5055
                             E: mdavis@bknmurray.com