# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 14-CV-02182-MSK-KLM

UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

R2 CAPITAL GROUP, LLC,
RAST INVESTOR GROUP, LLC,
MADIGAN ENTERPRISES, INC.,
BULLETPROOF VEST, INC.,
RYAN TOMAZIN,
RYAN MADIGAN, and
RANDELL A. VEST,

    Defendants.

---

**DEFENDANTS R2 CAPITAL GROUP, LLC, RYAN MADIGAN, AND MADIGAN ENTERPRISES, INC.'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68**

---

Defendants R2 Capital Group, LLC, Ryan Madigan, and Madigan Enterprises, Inc. (collectively, "Madigan Defendants" or "Defendants"), while neither admitting nor denying the factual allegations of the First Amended Complaint (#38), hereby offer to allow entry of judgment to be taken against them pursuant to Rule 68 of the Federal Rules of Civil Procedure as follows:

### A. PERMANENT TRADING BAN

1.     Madigan Defendants agree that, henceforth, they will never, directly or indirectly:

    (a)     Trade on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1a(40) (2012));

(b) Enter into any transactions involving "commodity interests" (as that term is defined in Commodity Futures Trading Commission ("CFTC" or "Commission") Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)), for their own personal account or for any account in which they have a direct or indirect interest;

(c) Have any commodity interests traded on their behalf;

(d) Control or direct the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

(e) Solicit, receive or accept any funds from any person for the purpose of purchasing or selling any commodity interests;

(f) Apply for registration or claim exemption from registration with the Commission in any capacity, and engage in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017); and/or

(g) Act as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2017)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)), registered, exempted from registration or required to be registered with the Commission except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017).

## B. RESTITUTION

2. Madigan Defendants agree to pay, jointly and severally, restitution in the amount

of SIX HUNDRED NINETY THOUSAND, SEVEN HUNDRED TWENTY SEVEN DOLLARS AND TWENTY ONE CENTS ($690,727.21), no later than thirty (30) days from the date of entry of the Judgment ("Restitution Obligation"). If the Restitution Obligation is not paid in full within thirty (30) days of the date of entry of the Judgment, then post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of the Judgment pursuant to 28 U.S.C. § 1961 (2012).

3. Madigan Defendants agree that the National Futures Association ("NFA") will act as Monitor ("Monitor") to effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' investors; that the Monitor shall receive restitution payments from Defendants and make distributions as set forth below; and, that the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

4. Madigan Defendants shall make Restitution Obligation payments to the Monitor in the name "Madigan Defendants – Settlement/Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Madigan Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

5. Madigan Defendants agree that the Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in

an equitable fashion to Defendants' investors identified by the CFTC or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible investors is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalty payments set forth below.

6. Madigan Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Madigan Defendants' investors to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Madigan Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

7. Madigan Defendants agree that the Monitor may provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' investors during the previous year. The Monitor may transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

8. Madigan Defendants agree that the amounts payable to each investor shall not limit the ability of any investor from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge

the rights of any investor that exist under state or common law.

9. Madigan Defendants agree that to the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

### C. CIVIL MONETARY PENALTY

10. Madigan Defendants agree to pay, jointly and severally, a civil monetary penalty in the amount of FIVE HUNDRED SIXTY THOUSAND DOLLARS ($560,000.00) ("CMP Obligation"), no later than thirty (30) days from the date of entry of the Judgment ("CMP Obligation"). If the CMP Obligation is not paid in full within thirty (30) days of the date of entry of the Judgment, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of the Judgment pursuant to 28 U.S.C. § 1961 (2012).

11. Madigan Defendants will pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPSC/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendants will contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter

that identifies Defendants and the name and docket number of this proceeding. Defendants will simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

### D. ATTORNEYS' FEES AND COSTS

12. Madigan Defendants agree to pay attorneys' fees and costs in the amount of THIRTY ONE THOUSAND, EIGHT HUNDRED TWELVE DOLLARS AND THIRTY FIVE CENTS ($31,812.35), as previously ordered by the Court on January 27, 2017 (#159).

13. Madigan Defendants shall provide payment to the Commodity Futures Trading Commission by check made payable to "U.S. Treasury," via overnight delivery to Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, no later than 30 days from the date of filing of this Offer of Judgment with the Clerk.

### E. OTHER

14. Madigan Defendants agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the First Amended Complaint (#38) ("Complaint") or the undisputed facts or legal determinations set forth in the Court's Order dated August 3, 2017 ("Summary Judgment Order," #159), or creating or tending to create the impression that the Complaint or Summary Judgment Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Madigan Defendants will comply with this agreement, and shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this

agreement.

15. Madigan Defendants also:

(a) Acknowledge service of the summons and First Amended Complaint;

(b) Admit the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

(c) Admit the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1-26 (2012);

(d) Admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012);

(e) Waive any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2017), relating to, or arising from, this action;

(f) Waive any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(g) Waive any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order or judgment imposing a civil monetary penalty or any other relief;

(h) Waive any and all rights of appeal from this action, including but not limited to the Court's rulings in the Court's August 3, 2017 Order (#159);

(i) Consent to the continued jurisdiction of this Court over them for the

purpose of implementing and enforcing the terms and conditions of the Judgment and for any other purpose relevant to this action, even if the Madigan Defendants now or in the future reside outside the jurisdiction of this Court; and

(j)     Agree that they will not oppose enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waive any objection based thereon.

To accept this offer, Plaintiff CFTC must serve written notice of acceptance thereof within fourteen (14) days of the date this offer is made.

Dated: January 11, 2018

Respectfully submitted,

Ryan Madigan

Michael J. Davis, Esq.
DLG Law Group LLC
4100 E. Mississippi Avenue, Suite 420
Denver, Colorado 80246
Direct 720-361-6036
Office 303-758-5100
Fax 303-758-5055
mdavis@dlglaw.net

# CERTIFICATE OF SERVICE

      I hereby certify that on January 29, 2018, I caused a copy of the foregoing Offer of Judgment to be served by U.S. Mail, with a courtesy copy delivered by email, on Plaintiff and the following Counsel of Record in the manner shown below:

**Counsel for Plaintiff U.S. Commodity Futures Trading Commission:**

Luke B. Marsh, Esq.
Daniel Grimm, Esq.
Danielle Karst, Esq.
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
lmarsh@cftc.gov

**Counsel for Defendants Ryan Tomazin and RAST Investor Group, LLC**:

Richard J. Banta, Esq.
Law Office of Richard J. Banta, P.C.
3773 Cherry Creek North Drive
Denver, CO 80209
Ph: (303) 331-3415
Fax: (303) 331-1195
info@richardbantalaw.com

      Additionally, I hereby certify that on January 29, 2018, service of the foregoing Offer of Judgment was made on the following Defendants via U.S. Mail:

*Pro Se* **Defendant Randell A. Vest**
9613 Halyards Ct.
Fort Myers, FL 33919

*Pro Se* **Defendant Bulletproof Vest, Inc.**
9613 Halyards Ct.
Fort Myers, FL 33919

                                *Michael J. Davis*